[Civ. No. 3389. First Appellate District, Division One.—September 17, 1920.]

GEORGE M. NAVE, as Administrator, etc., Respondent, v. J. L. TAUGHER, Appellant.

[1] NEW TRIAL—APPEAL—ACTION AGAINST ATTORNEY AT LAW—SIGNING OF NOTICES.—In an action against an attorney at law, a notice of intention to move for a new trial and a notice of appeal signed by the defendant personally and by no other counsel are sufficiently signed, where he appeared for himself at all times in the action, signing the pleadings and other papers as defendant, notwithstanding that he associated another attorney in the trial but did not surrender the control of the litigation or withdraw from its active direction.

[2] ACTION FOR LEGAL SERVICES — PLEADING — SUFFICIENCY OF COMPLAINT.—A complaint in an action for legal services is not rendered objectionable by reason of the statement of the cause of action in two counts, the first alleging on a *quantum meruit* for the reasonable value of the services, and the second alleging that the services were rendered under a contract whereby plaintiff's intestate agreed that defendant should fix and determine the value.

[3] EMPLOYER AND EMPLOYEE—CONTRACT FOR SERVICES—AMOUNT OF COMPENSATION—DISCRETION—REASONABLENESS OF AWARD — QUESTION FOR JURY.—When a contract for services does not fix the amount of the compensation but leaves it to the discretion of the other party, the amount fixed must be reasonable, and the question

of the reasonableness of the award in the case of a dispute is a question for the jury.

[4] ID.—FIXING OF COMPENSATION—TIME OF EXERCISE OF RIGHT.— When a contract of employment is entered into whereby the employer is to fix the compensation for the services to be rendered, if such contract is enforceable at all, the employer must exercise his right at the completion of such services, or at least when called upon to do so, otherwise the employee will be entitled to recover the reasonable value of his services.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. L. Taugher, *in pro. per.,* for Appellant.

Douglas A. Nye and Vincent Surr for Respondent.

WASTE, P. J.—The plaintiff brought this action to recover the sum of $4,500, alleged to be due as the reasonable value of legal services rendered by plaintiff's intestate to the defendant, who is also an attorney at law, in connection with an action pending in the United States district court. The defendant admitted that the services were worth the sum of $200 and offered to pay that amount. The offer was declined and the jury rendered a verdict in plaintiff's favor for the sum of $950. From the judgment entered for that amount the defendant has appealed, after motion for a new trial made and denied. He is apparently not seeking a review of the ruling on motion for a new trial, but confines himself to an attack upon the judgment. We are guided to that conclusion by the opening brief. It becomes necessary, however, to examine into the proceedings looking to a new trial in order that we may dispose of certain preliminary objections made by respondent to a consideration of the appeal.

[1] Respondent contends that the notice of intention to move for a new trial and the notice of appeal are not the notices required by law. His point is that each is signed only by the defendant personally and by no other counsel. There is nothing in the contention. Mr. Taugher, an attor-

ney at law, appeared for himself at all times in the action, signing the pleadings and other papers as defendant. At the opening session of the trial he asked that the record show that he had associated Mr. Frank D. McClure with himself "in the trial of this case." No formal substitution of attorneys was asked for or made, and there is nothing to indicate that Mr. Taugher surrendered the control of the litigation to Mr. McClure, or withdrew from its active direction. He was therefore the only attorney authorized to sign a notice of motion for a new trial or a notice of appeal. (*McMahon* v. *Thomas*, 114 Cal. 588, 591, [46 Pac. 732]; *Beardsley* v. *Frame*, 73 Cal. 634, [15 Pac. 310]; *Whittle* v. *Renner*, 55 Cal. 395; *Prescott* v. *Salthouse*, 53 Cal. 221.) As the proceedings on motion for a new trial were initiated by a proper notice, the time for appeal from the judgment did not expire until thirty days after entry in the trial court of the order determining such motion. (Code Civ. Proc., sec. 939.)

[2] The respondent stated his cause of action in two counts. The first is on *quantum meruit* for the reasonable value of the services rendered. In the second, he alleged that the services were rendered to the defendant under a contract whereby plaintiff's intestate agreed that the defendant should fix and determine the value of the services; that defendant fixed the value thereof at the sum of $200; that said sum is not the reasonable value thereof, but that the reasonable value thereof is $4,500. An allegation of nonpayment followed. The second count, therefore, stated a cause of action under section 1611 of the Civil Code. The complaint was not rendered objectionable because the cause of action was stated in these two counts. (*Estrella Vineyard Co.* v. *Butler*, 125 Cal. 232, 234, [57 Pac. 980]; *Cowan* v. *Abbott*, 92 Cal. 100, 101, [28 Pac. 213].)

As before stated, this is an action by the administrator of the estate of Jacob M. Blake, deceased, to recover the amount of an attorney fee alleged to be due from the defendant. In 1915 the defendant brought suit in the United States district court against the Moore Filter Company for the value of legal services rendered to that company by himself. When the case came on for trial before the court, sitting with a jury, Taugher, intending to be a witness in his own behalf, engaged the decedent, Blake, to

assist him. The trial lasted four and one-half days, and
Mr. Blake conducted the case, according to the testimony
of Honorable William C. Van Fleet, the judge before whom
it was tried, in an able manner and to a successful con-
clusion. He was an attorney of standing and ability, earn-
ing large fees, and experts fixed the value of the services
rendered to the defendant from $2,500 to $5,000. The jury
rendered a verdict in Mr. Taugher's favor in the sum of
$18,358, the full amount sued for. The judgment was sub-
sequently paid in full, with interest and costs. Taugher
has never paid for the work done by Blake; hence this
suit.

The defendant resisted this action in the lower court, and
seeks a reversal of the judgment in favor of Blake's ad-
ministrator, upon the ground that the services were ren-
dered by Blake under an express contract that he was to be
paid for his services a sum not exceeding fifty dollars a
day for each day he was actually engaged in court, the
amount to be determined upon and fixed by Taugher; that
the trial occupied four and one-half days, including one
day of effort on the part of Taugher in arguing a pre-
liminary matter; that at the most the fee could only have
been the sum of $225, hence he had fixed it at $200, which
should be the amount of the judgment and which he was
ready to pay. At the conclusion of the testimony he moved
the court for an instructed verdict to that effect, which was
denied. He then requested the court to include an in-
struction to the same effect in its general charge, which
was also refused.

From certain correspondence passing between Blake and
Taugher, and from the latter's testimony, it clearly appears
that at the outset of the employment Blake left the ques-
tion of the amount he should receive for his services entirely
to Taugher. The latter also testified that the agreement lim-
ited the compensation to a sum not to exceed fifty dollars
per day. Appellant contends, therefore, that the court
should not have submitted the case to the jury without
instructing it that it could not render a verdict in excess
of $225.

[3] There is a complete answer to this contention. The
agreement left the amount of the compensation to be fixed
by the defendant. When a contract does not determine the

amount of the consideration, but leaves it to the discretion of an interested party, the consideration must be reasonable. It was therefore incumbent upon the defendant to pay to Blake so much money as his services, which were the object of the contract, were reasonably worth. (Civ. Code, sec. 1611; *Security Trust & Sav. Bank* v. *Claussen*, 44 Cal. App. 730, [187 Pac. 142].) Even without recourse to the statute the rule is the same. The person having power to fix the fee may not act fraudulently. (*Foster* v. *Young*, 172 Cal. 317, 325, [156 Pac. 476].) When such contracts have been made they import "an implied agreement by the parties that, in case of a difference of opinion between them with regard to the proper amount of remuneration, the question is to be submitted to a jury." (2 Labatt on Master and Servant, p. 1298, par. 438.) Assuming, therefore, the contract to have been as testified to by Mr. Taugher, the question of the reasonableness of the award made by him to plaintiff's intestate was a matter for the jury to determine. The motion for an instructed verdict was, therefore, properly denied, and the requested instructions were correctly refused.

As a part of his defense, the defendant attempted to establish a contract, which placed a limitation of fifty dollars per day on the amount of Blake's compensation. In the light of the evidence, including the correspondence which passed between the parties to the agreement, and in view of all the circumstances of the case, it was the province of the jury to consider and determine the correctness of that contention. It may have been unwilling to accept the defendant's version of the matter. The instructions given by the trial court amply covered both of the foregoing propositions.

[4] The evidence also strongly points to the fact that Taugher unreasonably delayed the fixing of Blake's fee. The letters passing between them so indicate. For six months after the services were rendered Blake was constantly seeking a settlement. Finally, he saw fit to treat Taugher's repeated refusals, based upon various excuses, to fix the fee, as a repudiation of the contract, and elected to proceed against him to fix the amount of the obligation upon *quantum meruit*. Of this he gave Taugher due and written notice. Not until then did the defendant fix the fee, and he never offered to pay the amount until after suit was brought.

Where a contract of employment is entered into, whereby the employer is to fix the compensation for the services to be rendered, if such contract is enforceable at all, the employer must exercise his right at the completion of such services, or at least when called upon to do so, otherwise the employee will be entitled to recover the reasonable value of his services. (*Toledo, A. A. & N. M. Ry. Co.* v. *Lott,* 3 Ohio Dec. 136, 10 Ohio C. C. 249; 34 Am. Dig. (Century ed.), 523.) Having been employed under an arrangement by which he was to have some compensation, the manner and method of fixing which was left to the defendant, and the defendant not having carried out his agreement, as he was obligated to do, Blake was entitled to proceed as he did. (*Ruttle* v. *Foss,* 161 Mich. 132, 147, 148, [125 N. W. 790]; *Torrey* v. *Shea,* 29 Cal. App. 313, 319, [155 Pac. 820]; *Rawle* v. *Gilmore,* 76 Ill. App. 372, 375.)

Appellant argues that because the decedent Blake, in one of his letters to him, wrote that he did not question Mr. Taugher's good faith in the matter of fixing his compensation, he is conclusively absolved from all imputation of fraud and bad faith in the transaction, and that the jury should have been so instructed, and directed to render a verdict in plaintiff's favor not exceeding the sum of $200. We think, under the law as we have found it, it was proper for the trial court to submit the entire transaction to the jury. It did so, under full and explicit instructions on the whole most favorable to the defendant. (*Foster* v. *Young,* 172 Cal. 317, [156 Pac. 476].)

The judgment is affirmed.

Beasly, J., *pro tem.,* and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1920.

All the Justices concurred.