[Civ. No. 3799. First Appellate District, Division One.—July 16, 1921.]

SAMUEL P. RUSSELL, Respondent, v. H. W. JOHNS-MANVILLE COMPANY (a Corporation), Appellant.

[1] PERSONAL SERVICES—ADDITIONAL COMPENSATION FOR EFFICIENT SERVICE—NOTICE OF EMPLOYER—RIGHT OF EMPLOYEE DISCHARGED WITHOUT CAUSE.—A written notice given by an employer to its employees before the expiration of the year stating that in recognition of efficient service the employer would pay as additional compensation to all salaried employees who had been in its employ for the calendar year twenty per cent of the yearly salary in each case was a voluntary gratuity, and where a month-to-month employee, who had been in the service for several years, was discharged without cause before the expiration of the year, he was not entitled to such additional compensation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

James M. Thomas for Appellant.

Wm. J. Hayes for Respondent.

RICHARDS, J.—This appeal is from a judgment rendered and entered in the plaintiff's favor in an action

brought by him to recover the sum of $600 alleged to have become due and payable by virtue of the following state of facts: The plaintiff in the month of October, 1918, was a salaried employee of the defendant upon a month-to-month employment, at a monthly salary of $250, and had been such for several years prior to that time. In October, 1918, the defendant issued to all of its salaried employees the following notice:

"Office Notice #1451

"October 15, 1918.

"To all employees S. F. & L. A.

"Mr. ..........................

"In ·recognition of efficient service during the year, the Company will pay as additional compensation for 1918 to all salaried employees who have been in the Company's employ for the calendar year of 1918 20% of the yearly salary in each case, payable 10% January 1, 1919, and 10% March 1, 1919.

"We are notifying you at this time so that it may help you in making your subscription for ·Liberty Bonds.

"(Signed)   W. S. GREENFIELD."

After receiving this notice the plaintiff continued in the employ of the defendant until the sixteenth day of November, 1918, when he was discharged, and on November 30, 1918, was paid for his salary in full to that date, according to the terms of his former employment. He thereafter commenced this action to recover the sum of $600 alleged to have become due by virtue of the above written notice received by him in common with all the rest of the defendant's salaried employees.

Upon the trial of the cause the plaintiff testified and the court found: "That said plaintiff, relying upon the additional compensation promised by said defendant, in said notice, remained in the employ of said defendant, and intended to remain in its employ for the balance of the year 1918, and subscribed through said defendant for seven hundred dollars ($700) worth of said Liberty Bonds, which subscription said defendant, subsequently, and after plaintiff's discharge, hereinafter alleged, canceled without the knowledge or consent of said plaintiff."

Having made the foregoing finding, and having also found that the plaintiff on or about November 16, 1918, was dis-

charged from his said employment by the defendant without just or any cause, the trial court gave its judgment in the plaintiff's favor for the amount sued for, and from such judgment the defendant has prosecuted this appeal.

[1] We are unable to perceive upon what theory this judgment in the plaintiff's favor can be sustained. The written notice issued to its salaried employees was in form and upon its face a voluntary gratuity to such of said employees as might be in its service during the entire year 1918. It did not purport to change the terms of their past, present, or future employment, nor, in the case of month-to-month employees, did it purport to bind the corporation issuing it to a different term of employment than that already existing; nor did it exact or require of such employees that they should make any surrender of their right to quit the corporation service at the close of any month thereafter. The respondent himself does not here contend that he was either required to make or did in fact make any such surrender, his utmost claim and proof being that he was willing to remain and did in fact remain in the employ of the defendant after receipt of said notice and up to the time of his discharge; but he neither pleaded nor testified, nor did the trial court find, that he was legally bound to so remain or that he, in so remaining, did anything other or further than that which he was willing to do and would have done if such notice had never been issued by his employer or received by himself. We do not discover any real distinction between the facts of this case and those of the case of *Davis & Co.* v. *Morgan,* 117 Ga. 504, [97 Am. St. Rep. 171, 61 L. R. A. 148, 43 S. E. 732], upon which the appellant chiefly relies for a reversal of this judgment, for while in that case the plaintiff's employment was for a year instead of from month to month as in this case, the difference is not material, since in each case there was lacking the essential element of a sufficient consideration to render the defendant's offer one which, however binding in conscience, it was bound in law to perform. The language of the court in the case cited is quite apt in its application to the instant case: "When one receives a naked promise and such promise is broken, he is no worse off than he was. He gave nothing for it, he has lost nothing by it, and on its breach he has suffered no damage cogni-

zable by courts. No benefit accrued to him who made the promise, nor did any injury flow to him who received it. Such promises are not made within the scope of transactions intended to confer rights enforceable at law." In the case of *Duncan* v. *Cone, Inc.*, 16 Ga. App. 253, [85 S. E. 203], the court also uses the following apt expression regarding offers by employers similar to that presented in the case at bar:

"Where, during the pendency of a term of employment, at a stipulated salary per month, a voluntary agreement, entirely apart from the contract of employment, is made by the employer, to pay to the employee as a bonus, some indefinite and undetermined share in the profits of the business, contingent 'on continuous and satisfactory service' and this voluntary agreement is not supported by any change in place, hours, character of employment, or other consideration, the agreement is not enforceable at law as it is *nudum pactum,* and the grant of the bonus so promised, is altogether optional, because dependent upon whether the services of the employee are 'satisfactory to the employer,' and of this he is, in such a case, the sole judge."

The case of *Haag* v. *Rogers,* 9 Ga. App. 650, [72 S. E. 46], cited by the respondent as supporting his contention, is clearly distinguishable from the case at bar, since in that case the obligation to pay the added compensation of the employee arose from an express contract between the employer and employee to that effect and was not in the nature of a voluntary gratuity. The Georgia court of appeals in the case just cited expressly notes the distinction between it and the case of *Davis & Co.* v. *Morgan, supra,* in these words: "In that case the extra compensation was purely a promised gift or bonus; in this case the extra compensation was a part of the wages promised, though it was only conditionally promised."

That portion of the notice issued by the defendant and above quoted, which relates to the purchase of liberty bonds by its employees, while referred to by the trial court in its findings to the effect that the plaintiff, relying upon the terms of said notice, did invest in liberty bonds, has not been and could not well be relied upon by the respondent as a basis for this action or as a ground for upholding this judgment, since plaintiff's pleadings allege and the find-

ings of the court show that whatever investment in liberty bonds the plaintiff made through his said employers and after the issuance of said notice was subsequently canceled by the latter, and even though it is alleged and found that such cancellation was without the plaintiff's knowledge and consent, it nowhere appears that he suffered any detriment either by his subscription to said bonds or by his employer's cancellation of such subscription after his discharge. It may be finally noted that neither in the plaintiff's complaint nor proofs, nor in the findings of the court, is there any showing or claim that the defendant acted fraudulently or in bad faith in respect to the plaintiff's discharge from its employment further than the plea and finding that his said discharge was without cause. Under its month-to-month employment of the plaintiff, unaltered as we think it was by the offer of this bonus, the defendant had and retained the full legal right to discharge the plaintiff at any time without cause, and this being so we are of the opinion that the judgment in this case cannot be upheld.

Judgment reversed.

Waste, P. J., and Kerrigan, J., concurred.