## ANDREWS, Respondent, v. BELLMAN, Appellant.

### (208 N. W. 175.)

(File No. 5583.   Opinion filed April 5, 1926.)

**Master and Servant—Contracts—Bonus—Promise of Bonus Held Gratuitous and Not Binding.**

A promise to pay a bonus at termination of employee's employment in lieu of a promised increase in wages held gratuitous and unenforceable; employee not being required, under her contract with employer, to do anything at all to entitle her to the bonus.

Dillon, J., dissenting.

Note.—See, Headnote, American Key-Numbered Digest, Master and servant, Key-No. 72, 39 C. J. Sec. 216.

Right of employee to bonus as affected by termination of employment before bonus becomes payable, see note in 28 A. L. R. 340.

Right to service reward or bonus, of servant discharged without cause before stipulated term of service, see note in 44 L. R. A. (N. S.) 1214.

Appeal from Municipal Court of Sioux Falls; Hon. Ransom L. Gibbs, Judge.

Action by Gladys Andrews against J. T. Bellman. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Judgment and order reversed.

*H. E. Judge* and *H. F. Chapman*, both of Sioux Falls, for Appellant.

*Ellefson & Tobin* and *Ernest Raley*, all of Sioux Falls, for Respondent.

POLLEY, J.   Plaintiff brings this action to recover a bonus of $100 claimed to have been promised her by defendant. In her complaint she alleges: That on or about the 1st of March, 1919, she entered the employ of defendant; that he agreed to pay her at the rate of $3.50 per day for candling eggs, and $4 per day for picking chickens, and promised to raise her pay to $5 per day when she had become proficient in the work; that on or about the 1st day of October, 1920, a further promise was made by defendant that in lieu of an increase in wages to $5 per day he would give her a bonus of $100 at the termination of her employment; that, relying upon said promise, she continued to work for

defendant for $3,50 and $4 per day until the 9th day of April, 1923, when she terminated her employment, and demanded the said bonus of $100. Defendant denied that he had ever promised plaintiff $5, or that he had promised her a bonus of any amount, and at the close of all the testimony defendant moved for a verdict because of the insufficiency of the evidence to support a verdict for plaintiff, on the ground that there was no consideration for the promise alleged to have been made by defendant, and that the promise, if made, was only a promise to make a gift in the future, unsupported by any consideration, and for that reason not binding on defendant. This motion should have been granted. Not that a promise to pay a bonus may not be binding on the promisor in any event, but that the conditions shown by plaintiff in this case are not sufficient to constitute a binding promise.

Under the contract testified to by plaintiff she was not requried to remain in defendant's employ for any specified length of time, nor to perform any specific amount of work within a particular length of time, nor, indeed, to do anything at all to entitle her to the said bonus.

In Zwolanek v. Baker Mfg. Co., 137 N. W. 769, 150 Wis. 517, 44 L. R. A. (N. S.) 1214, Ann. Cas. 1914A, 793, cited and relied on by plaintiff, there was a contract for a year of continuous service. In the course of the opinion the court say:

"The defendant made an offer of extra or additional compensation to any employee who performed a certain number of hours' service within a given period, provided net profits were earned, and provided the employee did not quit or was not discharged before a stated time."

This is the distinguishing feature of this and other cases cited by plaintiff. There is no such provision in the contract shown by plaintiff. In her brief counsel say:

"We appreciate the fact that, under the terms of the contract entered into, the plaintiff, instead of continuing in the employ of the defendant for a period of two and a half years as she did, could have terminated the employment in a week, a month, or any other time after the contract was made, and the defendant would have been legally bound to pay her the $100 he had promised."

This feature of the case brings it squarely within the rule announced in Russell v. H. W. Johns-Manville Co., 200 P. 668, 53 Cal. App. 572. In that case the court say:

"We are unable to perceive upon what theory this judgment in the plaintiff's favor can be sustained. The written notice issued to its salaried employees was in form and upon its face a voluntary gratuity to such of said employees as might be in its service during the entire year 1918. It did not purport to change the terms of their past, present, or future employment, nor in the case of month to month employees did it purport to bind the corporation issuing it to a different term of employment than that already existing; nor did it exact or require of such employees that they should make any surrender of their right to quit the corporation service at the close of any month thereafter. The respondent himself does not here contend that he was either required to make, or did in fact make, any such surrender, his utmost claim and proof being that he was willing to remain, and did in fact remain, in the employ of the defendant after receipt of said notice and up to the time of his discharge; but he neither pleaded nor testified, nor did the trial court find, that he was legally bound to so remain, or that he, in so remaining, did anything other or further than that which he was willing to do and would have done if such notice had never been issued by his employer or received by himself."

The court reversed a judgment for the plaintiff, and in so doing we believe it correctly applied the law.

The contract shown by plaintiff lacks the essential element of a valid consideration. The most that can be said for it is that it is an unexecuted promise of a gift or gratuity, and cannot be the basis of an enforceable right.

The judgment and order appealed from are reversed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

DILLON, J. (dissenting). Plaintiff herein entered the employ of defendant, who was engaged in the produce business, on or about March 1, 1919. An agreement was entered into whereby plaintiff was to receive a certain fixed wage until she learned the business, and it was agreed that she should receive a higher certain fixed wage after she had learned the business. It was further

agreed that, after plaintiff became skilled and proficient in her work, she was to receive another increase in pay. Pursuant to this agreement, plaintiff began working for defendant, and, after she had learned the business, she was paid $3.50 per day for candling eggs, and $4 per day for picking chickens, which was the wage agreed upon.

Plaintiff alleges that on or about October 1, 1920, having become proficient in her work, she demanded that defendant raise her wages to $5 per day, which was the increase in pay agreed upon, and defendant answered by saying that, if she would continue in his employment at her present wages, he would pay her a bonus of $100 on or before the termination of her employment with him. Soon after this latter agreement was made plaintiff, with the alleged consent of defendant, obtained a leave of absence of about 10 weeks, after which she returned and went to work, receiving her former wages. In May of 1922 work in defendant's establishment became slack, and plaintiff worked only part time. A competitor of defendant offered plaintiff work in his establishment on part time, but defendant refused to let plaintiff work for said competitor while she was in his employ, and it is alleged that he again stated to plaintiff, in the presence of two other employees, that they would get their bonuses. Plaintiff continued in the employ of defendant until about April 9, 1923, when she resigned, and demanded her bonus of $100. The defendant refused to pay the bonus, and this action was brought to recover the $100 bonus from the defendant. The case came up for trial, and the jury brought in a verdict in favor of plaintiff. It is from such judgment and order denying a new trial that this appeal is taken.

Appellant has assigned some 21 assignments of error, but relies chiefly upon the two following propositions:

"First. That there is no evidence whatever in the record sustaining the allegations of the complaint.

"Second. That there is no evidence, either relevant or not relevant to the issues, sufficient to sustain the verdict."

The testimony of the plaintiff and defendant in regard to the material issues of this case is in direct conflict. The testimony was properly submitted to the jury to determine the credibility of the witnesses, and their verdict should not be disturbed upon

appeal. The 21 assignments of error have all been examined, and I find no error in the record.

I think the judgment of the lower court and the order denying a new trial should be affirmed.