[Civ. No. 7415.  First Appellate District, Division Two.—November 21, 1930.]

M. L. HUNTER, Respondent, v. MARY RYAN, Appellant.

William M. Stafford for Appellant.

Brobeck, Phleger & Harrison for Respondent.

NOURSE, P. J.—The plaintiff sued for the reasonable value of a "bonus" promised to be paid to his assignor in a letter which read, in part, "I have a job for you. I will give you $50 a week and a bonus to try it out." The cause was tried before a jury, which returned a verdict for the plaintiff in the sum of $5,000. On a motion for a new trial the trial court reduced the verdict to $2,000, and from the judgment for that amount the defendant has appealed upon a bill of exceptions.

Defendant was engaged in a very successful business in the city of New York. Plaintiff's assignor was employed in a clerical capacity in an insurance company in San Francisco. They became very warm friends and defendant made the written offer to employ plaintiff's assignor in her New York office with the end in view that she might become a valuable member of her organization. The offer was accepted and the employment continued for approximately one year when a dispute arose and plaintiff's assignor terminated the employment. During all this time she was paid regularly $50 a week for her services, but nothing was said by either regarding the bonus until some time after the employment ceased. On this appeal the only question involved is whether plaintiff's assignor is entitled to recover a bonus under the contract.

The first contention of the appellant is that there was no enforceable contract to pay a "bonus" because the writing is uncertain and incomplete. Upon this issue the principle of law may be taken to be settled that a contract is unenforceable which is not complete and certain. (6 Cal. Jur., p. 215; 13 Cor. Jur., pp. 266, 267.) If, therefore, the words "and a bonus to try it out" are so uncertain and incomplete that the court or jury could not determine what the parties meant it follows that the contract was unenforceable under this rule. To escape this situation the respondent argues that he is not suing to enforce payment of

a bonus as such, but is suing on a contract to pay a nominal salary of fifty dollars a week, "together with a further reasonable compensation for her said services to be fixed at convenient intervals".

If respondent can sustain his theory of the case it will dispose of all of the assaults upon the judgment covering the merits of the controversy, because, if he was entitled to sue in *quantum meruit* under the circumstances he was entitled to judgment on proof of the services and for their reasonable value. Respondent's theory finds support in the authorities.

■ The promise to pay the bonus was not a promise to make a gift, but was made in part to induce the promisee to accept the employment and so was a promise to pay additional compensation. (*Fuller* v. *Brown,* 15 Fed. (2d) 672, 676, and cases cited; *Payne* v. *United States,* 269 Fed. 871, 873, 50 App. (D. C.) 219; *Warren* v. *Mosher,* 31 Ariz. 33 [49 A. L. R. 1311, 250 Pac. 354]; *Johnson* v. *Fuller & Johnson Mfg. Co.,* 183 Wis. 68 [197 N. W. 241, 245], and cases there cited.) Hence, where the promise to pay additional compensation does not fix the amount of the wage, recovery is to be based on *quantum meruit.* (*Nave* v. *Taylor,* 49 Cal. App. 308 [193 Pac. 508]; *Toomy* v. *Dunphy,* 86 Cal. 639 [25 Pac. 130].) And we find this principle recognized in our statutes (sec. 1611, Civ. Code), which declares that when the amount of the consideration is not fixed in the contract it is to be determined on the basis of *quantum meruit.*

From the foregoing we conclude that the respondent was entitled to sue for the reasonable value of the services rendered under the promise to pay a bonus in addition to the stipulated weekly wage.

■ The verdict of the jury was based upon evidence which was widely conflicting upon the two elements—the amount of work performed and the reasonable value of the services. If the jury believed the story of respondent's assignor it must have found that she performed many duties outside of those for which she was paid $50 weekly. The value of such services was a matter of opinion and, though the estimate placed thereon by respondent's assignor and approved by the jury seems wholly unreasonable, we cannot say that the sum of $2,000 to which the verdict was reduced by the able trial judge is not a fair or just amount.

The appellant assigns error in the admission of evidence. She objected to the reading in evidence of a great number of letters written by her to respondent's assignor, or to members of her family. These letters, of course, contained much extraneous matter which could well have been omitted if objection had been made to those portions. But the letters were admissible to show that the promise to pay a bonus was an inducement to enter appellant's employment for which a reasonable compensation was intended to be paid above the weekly wage and to show that the bonus was not intended as a gift or gratuity.

The other assignments relate to the admission of evidence tending to prove the reasonable value of the services rendered. Under respondent's theory of the case, that he was entitled to recover reasonable value, this evidence was admissible, and, having approved that theory, we find no error in the admission of this evidence.

Appellant bases her criticism on the modification of instruction No. 5 on the claim that the testimony of respondent's assignor showed that she had been fully paid for all services performed by her. The testimony of this witness is not subject to the interpretation placed on it by appellant. It was conceded that the witness had been paid $50 weekly by appellant, but her testimony that this sum was in payment of the services which she rendered to appellant could not be taken to mean that it was in full compensation for all services rendered. For the same reasons the trial court did not err in refusing to give appellant's proposed instructions numbered 7, 8 and 9.

Proposed instructions numbered 10, 11, 12, 13 and 14 were all tied into appellant's theory that unless the offer to pay a bonus was definite and clear as to the amount and manner of payment there could be no recovery. The unsoundness of this theory under the circumstances here presented we have already pointed out, and hence we conclude that the proposed instructions were properly refused.

Instructions numbered 2, 3 and 4, given at the request of the respondent, were designed to present to the jury respondent's theory that, under the special circumstances of this case, the bonus was not intended as a gift or gratuity, but was intended as a promise to pay additional compensation for the services over and above the payment of $50

weekly, and that respondent was entitled to recover the reasonable value of such services if the jury found such value to be in excess of the weekly sum. As we have heretofore said, respondent's theory is amply supported by the authorities, hence we find no error in these instructions.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court, of Appeal on December 20, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1931.

Seawell, J., dissented.