[Civ. No. 17911.   First Dist., Div. Two.   June 9, 1958.]

REMO SABATINI, Respondent, v. CLYDE C. HENSLEY et al., Appellants.

174

Quaresma & Rhodes and Fred E. Avers for Appellants.

Stark & Champlin and John F. Wells for Respondent.

DRAPER, J.—Plaintiff employee brought this action on a common count for work and labor performed for defendant employers. Jury verdict was for plaintiff in the sum of $6,500. Defendants appeal. All the stock of appellant corporation is owned by the individual appellant, his wife and his children. He will be referred to as appellant.

Respondent went to work for appellant September 15, 1952, at a salary of $400 per month. This was increased from time to time until it reached $525 per month. Respondent's theory is that appellant promised to pay him bonuses over and above his salary, and he seeks only such excess in this action. He does not contend that any agreement for payment of bonus was made before the employment began, but he did testify that at the time of employment appellant acknowledged that the salary was low and stated this would be made up at a later date, saying "I starve, you starve; I prosper, you prosper."

There is evidence that "early in 1954" the parties discussed respondent's compensation. Appellant said he realized he had promised respondent a new car, but would like to postpone its purchase because of needs for expansion of the business. In July or August, 1955, appellant said it was time to purchase the car. Respondent turned in his old car, took title in his own name to the new, and appellant made the monthly payments on it until respondent left his employ. Respondent also testified that in October or November, 1954, appellant told him that effective January 1, 1955, he would receive, in addition to salary, a bonus or commission. Respondent left the employment January 11, 1956. The jury found that respondent was entitled to a bonus of $4,000 for services rendered during the year 1955, and to $2,500 as the value of the "car bonus for previous years."

In attacking the award of $4,000 for the year 1955, appellant argues that an express contract is necessary to overcome

the normal rule that salary paid and accepted is in full compensation for all services rendered, and that no such express contract is here shown because no fixed amount or formula for determining a fixed amount was agreed upon. This argument mistakes the rule applicable. ▮ When an employer promises a prospective employee a fixed salary and an indeterminate bonus, each promise is made to induce undertaking of the employment. Acceptance of the employment is consideration for the promise of a bonus, and this promise thus is enforceable. (*Hunter* v. *Ryan*, 109 Cal.App. 736 [293 P. 825].) ▮ We see no distinction where, as here, the promise is made after employment but is made to an employee who has not contracted to serve for a fixed term, and for the purpose of inducing him to remain an employee. Here no period of employment was specified. The jury was instructed that a verdict for respondent for the 1955 bonus was returnable only if it found that respondent rendered services in reliance upon the promise of a bonus in addition to his regular salary. There is evidence to support the implied finding that the 1954 promise of a bonus induced respondent to remain in appellant's employ during 1955. Continuing an employment to which one is not bound by contract is as clearly consideration as is entering the employment in the first place.

▮ The failure to specify the amount or a formula for determining the amount of the bonus does not render the agreement too indefinite for enforcement. It is not essential that the contract specify the amount of the consideration or the means of ascertaining it. (Civ. Code, § 1610.) Where no standard is specified, the consideration shall be the reasonable worth. (Civ. Code, § 1611.) ▮ Under an agreement to pay a fixed salary and an unspecified bonus, the amount of the bonus is the excess, if any, of the reasonable value of the services over the agreed salary. (*Hunter* v. *Ryan, supra,* 109 Cal.App. 736; see also *Brown* v. *Crown Gold Milling Co.,* 150 Cal. 376 [89 P. 86]; *Frebank Co.* v. *White,* 152 Cal.App. 2d 522 [313 P.2d 633]; *Carney* v. *Hayter,* 62 Cal.App.2d 792 [145 P.2d 712]; *Nave* v. *Taugher,* 49 Cal.App. 308 [193 P. 508].)

Appellant argues, somewhat confusingly, that the trial court has confused express contract and quasi-contract. ▮ The rule is clear that, where the employer pays and the employee accepts a fixed salary, the normal implication is that all services are compensated for thereby. ▮ However, where the parties expressly agree that an additional amount shall be

paid, such agreement, if supported by consideration consisting either of the employee's entry upon the service, or his continuing therein when not otherwise bound to continue, is enforceable. If the agreement does not specify the amount to be paid, the law will imply an agreement to pay the reasonable value of the services and will permit recovery of the excess of such amount over the salary paid.

■ Appellant contends that the allowance of $2,500 as a bonus for services rendered in 1954 and earlier is improper. The argument is that the evidence does not show that appellant's claimed promise to give such a car as a bonus was made before 1955. Of course, if such a promise were made only after performance of the services of 1954 and earlier, it would be unenforceable because no consideration was given for it. But the evidence is susceptible of the view that appellant, early in 1954, acknowledged previous promises to give a car as a bonus. In 1955, the parties reduced these promises to definite agreement upon a specified automobile. It is true that the instructions upon the requirement that the promise precede the service are not as clear upon the bonus for 1954 and earlier as they are upon that for 1955. However, the parties at trial agreed:

". . . it is stipulated that if the jury finds that defendant . . . and the plaintiff agreed that the automobile purchased in plaintiff's name in September, 1955, was a bonus or extra compensation for services rendered prior to the year 1955, the plaintiff is entitled to receive the stipulated sum of $2,500 as extra compensation for such services."

The court's instruction was in accord with this stipulation. Appellant cannot complain of an instruction in the language of his stipulation.

■ Over objection, the trial court required appellant to produce, and admitted in evidence, the 1955 net profit of defendant corporation and its two affiliates, and the salary paid to appellant Hensley and his wife. Appellant asserts error in the admission of this evidence. But it appears relevant to the issue of the reasonable value of respondent's services for the year 1955. There was evidence that appellant repeatedly told respondent, in discussing compensation: "I starve, you starve; I prosper, you prosper." Appellant, his wife, and respondent were the directors of the three corporations. There was much evidence that respondent was second only to appellant in the management of the business. There was testimony that, when the bonus was promised, the parties discussed net profits as a

possible basis for computation of the bonus. The trial judge has broad discretion in determining the relevancy of offered evidence. (*Spolter* v. *Four-Wheel Brake Serv. Co.*, 99 Cal. App.2d 690, 699 [222 P.2d 307].) Under all the circumstances, we cannot say that this discretion was abused here.

Appellant also complains of the refusal of instructions offered. We question that the offered instructions accurately state the law upon which the action is based. Even if they were accurate, their refusal was not prejudicial, since the essential material was covered in the instructions given.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied July 9, 1958, and appellants' petition for a hearing by the Supreme Court was denied August 6, 1958.