WILLIAM H. DAY *v.* LEN-METAL-FAB, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 15-636-3239

Argued July 13, 1964—reargued February 8, 1965—
decided March 31, 1965

*Donald H. Clark* and *Charles N. Williams,* of New Britain, for the appellant (plaintiff).

*Nicholas E. DeNigris,* of New Britain, for the appellee (defendant).

DEARINGTON, J.  The plaintiff, a certified public accountant, brought this action to recover money owed for professional services rendered by him in accordance with an agreement with the defendant. The defendant admitted the employment but denied the method and rate of compensation as claimed by the plaintiff.  The trial court rendered a judgment for the plaintiff in the amount of $700 which, as shown by the supplemental finding, was computed at the hourly rate of $10, the court having

found that the work reasonably should have taken seventy hours. As a result of the supplemental finding and as provided in the order requiring that finding, the plaintiff exercised his right to assign error in the supplemental finding and again appear before this court to reargue the matter.[1]

The plaintiff in his appeal claims that the court erred in refusing to find certain facts which were admitted or undisputed and arrived at conclusions which were unsupported by the subordinate facts, and, further, that the court applied the wrong rule of damages. Most of the changes sought in the finding would not directly affect the ultimate facts upon which the judgment depends; *Beach* v. *First National Bank,* 107 Conn. 1, 4; nor would they, even if made, affect the result which we reach. *State* v.

---

[1] After the original argument of this case, and in the course of our consideration of it, the following order was entered:

"ORDER OF APPELLATE DIVISION

"This action was brought to recover for services rendered by the plaintiff, a certified public accountant. The plaintiff in his complaint alleged that an express contractual obligation of payment based on an hourly rate had been agreed to by the parties and such agreement was found by the trial court. The plaintiff has assigned error in the refusal of the court to include in its finding the actual time found to have been spent by him in performing such services. The finding contains no measure of time spent by the plaintiff. The court concluded that the time sheets kept by the plaintiff were inaccurate and did not reflect the actual time spent and that therefore the total sum claimed by the plaintiff was unreasonable. In awarding an amount less than that claimed by the plaintiff the court concluded that 'the sum of $700.00 represents fair and reasonable compensation for services rendered.'

"We are considerably handicapped in our analysis of the basic issue on appeal, that is, whether or not the judgment was based on the rate of compensation which the court found had been agreed on by the parties or on the reasonable value rule and without regard for the contractual obligation. While it is true that the defendant in its special defense alleged that a different method of payment had been agreed on by the parties, the court found the hourly rate controlled. Ordinarily the basis of a defendant's liability in an action to recover wages under a contract is derived from the contract itself providing the contract includes a measure or standard for compensation. Under such circumstances the plaintiff would

*Loughlin,* 149 Conn. 21, 23. Furthermore, many of the facts sought to be included were not admitted or undisputed, for a fact is not admitted or undisputed merely because it is not denied. *Morse* v. *Morse,* 128 Conn. 138, 139. "It must be established that the fact claimed was admitted or that its truth was conceded to be undisputed." *Corsino* v. *Grover,* 148 Conn. 299, 306, 307. Several of the assignments of error attacking the finding are not pursued in the brief and are therefore treated as abandoned. *Benoit* v. *Amalgamated Local 299,* 150 Conn. 266, 269. However, one of the errors claimed in the finding was the refusal of the court to include services claimed to have been rendered by the plaintiff's junior assistants. Although the performance of those services was not alleged in the plaintiff's com-

---

be precluded from recovery for the reasonable value of his services as in the case of an implied contract. See *Collins* v. *Lewis,* 11 Conn. 299, 304; *O'Keefe* v. *Bassett,* 132 Conn. 659, 663; *Shelton Yacht & Cabana Club, Inc.* v. *Suto,* 150 Conn. 251, 260. If the agreement contains no standard as to the price to be paid, the law invokes the standard of reasonableness and the fair value of the services rendered. See 12 Am. Jur., Contracts, § 324. In the instant case, however, the court found the rate of compensation had been agreed on by the parties. We recognize the complexities that confronted the court because of the issues involved in a trial extended over seven days and resulting in a lengthy transcript. However, under the circumstances of this case we have decided to act of our own motion, under the supervisory power inhering in us, to order the filing of a supplemental finding. See Practice Book § 985. Such supplemental finding should be limited to such facts as indicate the measure of damages based on the amount of time spent and which the court finds that the plaintiff has proven.

"It is ordered that the trial court shall file a supplemental finding on or before January 1, 1965, indicating the basis by which it arrived at the amount of its judgment, and that in the meantime this appeal shall be continued on our docket without decision, subject to the right of the parties to assign error in the supplemental finding and, if error is so assigned, to claim the case for argument on the additional error assigned and to file further briefs. Such assignment of error, if any, shall be filed not later than fourteen days from the time the supplemental finding is filed, a copy of which shall be forwarded immediately to each of the attorneys of record."

plaint, nor was the complaint amended to include them, it appears that, no objection having been made to the evidence concerning them, the matter was treated as a variance waived by the defendant. Practice Book § 134 and cases cited. As a result, the court found that an hourly rate of $4.50 for the junior members had been agreed on but refused to find that the services had in fact been performed. The only evidence as to the services is found in the testimony of the plaintiff. "Although there was evidence to support some of the facts claimed, it was solely within the province of the trial court to determine the credibility of that evidence." *Town & Country House & Homes Service, Inc.* v. *Evans,* 150 Conn. 314, 316; see Practice Book § 628.

The finding, with such changes as are warranted, may be summarized as follows: The plaintiff, a certified public accountant of many years' experience in the general field of accounting, was engaged by the defendant to render accounting services at hourly rates of $10 for his services and $4.50 for his assistants. Such rates were not unreasonable. The plaintiff engaged in such services intermittently from February 25, 1963, to May 31, 1963. He submitted two bills to the defendant, one dated May 1, 1963, for $890 and the other dated May 31, 1963, for $470. The major portion of the bill for $470 represented time expended in the preparation of tax returns, and the remainder represented two months' accounting services for March and April, 1963. A reasonable monthly fee for the monthly accounting was $40 per month. The tax returns were prepared from the company's records and would require approximately three hours to prepare. The defendant employed a full-time bookkeeper who assisted the plaintiff. As a result of differences which arose between the plaintiff and the defendant over the scope of the work, the plaintiff's services were

terminated and another accountant was employed to make a complete audit from the date of corporate inception, April 2, 1962, to May 31, 1963. The audit by the successor accountant, a certified public accountant, was completed in seven days at the cost of $450. The scope of the work performed by the successor accountant was greater than that performed by the plaintiff, although the plaintiff's work assisted the successor accountant. The court concluded that the time sheets kept by the plaintiff were inaccurate and that as a result his bills were inaccurate and unreasonable. In its supplemental finding, the court concluded that such work as was performed by the plaintiff should reasonably have taken seventy hours and that the proper charge for such services was $700.

The basic issue raised by the plaintiff relates to the manner in which the court arrived at the judgment. The plaintiff claims that the court in its finding assessed damages on a basis of "fair and reasonable compensation" and in its supplemental finding merely substituted for this measure the number of hours it "reasonably should have taken" to perform such services. The phrase "reasonably should have taken," he argues, indicates the court adhered to the reasonable value rule, whereas it should have determined the precise time actually spent by him in performing such services.

The burden of proof was upon the plaintiff to establish by a fair preponderance of the evidence the substantial allegations of his complaint, among which were the rendition of services alleged, the rate of compensation, and the time required to perform such services. The trial court found that the services were performed and that the rate of compensation was $10 an hour, thus the remaining question relates to the element of time, that is, the reasonable amount of time required to perform such

services. The use of the word "reasonably" by the trier relates to the element of time and not to the rate of compensation. The reasonable value rule generally refers to compensation in contractual matters where no price has been agreed on. 17 Am. Jur. 2d, Contracts, § 344. Here, because of the nature of the services, the agreement was silent as to the time required to perform them. In such an instance there is an implied promise on the part of an accountant that he will devote such time in the performance of the services as is reasonably commensurate with the duties entrusted to him. See *Slade* v. *Harris,* 105 Conn. 436, 441. What would be a reasonable time is a question of fact, depending upon the circumstances in a given situation, and the conclusion of the trial court is conclusive unless it can be shown that some erroneous rule of law material to the issue was applied or that the conclusions were unreasonably drawn from the facts found. *Freda* v. *Smith,* 142 Conn. 126, 134; see *Rochester Distilling Co.* v. *Geloso,* 92 Conn. 43, 45. In the instant case, the trial court had before it the lengthy testimony of the plaintiff and that of the successor accountant relative to the time required to accomplish the work performed by the plaintiff. The trial court found that the work performed by the successor accountant not only paralleled that of the plaintiff but in fact exceeded it and was performed in a week's time at a cost of $450. We cannot hold that the court erred in arriving at its conclusions upon the adjudicated facts.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.