[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO SET ASIDE VERDICT, FOR JUDGMENT NOTWITHSTANDING THE VERDICT, FOR NEW TRIAL AND FOR REMITTITUR (No. 176)
This case involves an important question of unjust enrichment law. It is sometimes said that the remedy of unjust enrichment is available only in situations where no express contract has been entered into by the parties. Burns v. Koellmer, 11 Conn. App. 375, 385,527 A.2d 1210 (1987). This broad statement is, however, somewhat misleading, for it turns out that there is a class of cases in which express contract and unjust enrichment can coexist. This is such a case.
The plaintiff, Edward Meaney ("Meaney"), is an experienced insurance broker. From January 15, 1991, to May 27, 1993, he worked as the Director of Insurance Services for the defendant, CHA Insurance Services, Inc., a subsidiary of another defendant, The Connecticut Hospital Association, Inc. ("CHA"). The evidence, construed in the light most favorable to the plaintiff, shows that Meaney was a superb salesman (his job was to sell workers' compensation insurance to health care organizations) and eventually brought millions of dollars in premiums into CHA and its various subsidiaries. Notwithstanding that fact, CHA summarily terminated his employment on May 27, 1993. Meaney commenced this action in November 1993, seeking damages on a variety of legal theories. The case was tried to the jury in September and October of 1997. On October 29, 1997, the jury awarded the plaintiff substantial damages on single count of unjust enrichment. (Nominal damages, unchallenged by either party, were awarded on an unrelated breach of contract count.) The defendants timely moved to set aside the verdict and for other relief. For the reasons briefly set forth below, their motion must be denied.
Meaney was promised, and received, a salary for his labors. He started at $65,000 a year, plus benefits, and by the time of his termination was making $72,800 a year, again plus benefits. The problem in this case involves incentive compensation. Meaney presented evidence which, if believed, would allow the jury to CT Page 12851 find that, in addition to paying him a salary, CHA made numerous offers of incentive compensation at various times during his employment, on the condition that he turn CHA's insurance business around. (The business in question had been in dismal condition at the time of Meaney's hiring.) There was evidence that Meaney amply satisfied this condition by bringing millions of dollars into CHA's empire. The parties never agreed on a particular formula for incentive compensation, but the evidence shows that both sides had generated proposed formulas during the course of Meaney's employment, and an outside consultant hired by CHA to study the problem proposed a third formula. Meaney additionally presented expert testimony that production such as his is handsomely rewarded in the industry, and his expert gave evidence concerning industry standards in this area. CHA, however, fired him without paying him a dime of incentive compensation under any formula. The jury awarded him the sum of $710,901 on his unjust enrichment count.
When an employee works for a salary, he typically labors for that salary alone. As the jury was instructed in this case, employees often make profits for their employers, and the employers are allowed to keep those profits. There are limits to this doctrine, however, and those limits are vividly illustrated by the facts of the much-cited case of Varney v. Ditmars,111 N.E. 822 (N.Y. 1916). Varney was employed by Ditmars. He was paid a modest salary. After Varney had worked for a few months, Ditmars told him, "I am going to give you $5 more a week; if you . . . will go on and . . . get me out of this trouble . . . on the 1st of next January I will close my books and give you a fair share of my profits." Id. at 823. Varney fulfilled his part of the bargain, but Ditmars did not fulfill his. The New York Court of Appeals held that the promise of "a fair share of the profits" was too indefinite to be enforced by the law of contract (Cardozo, J. dissented on this point) but further stated that this doctrine "does not prevent a recovery upon quantum meruit in case one party to an alleged contract has performed in reliance upon the terms thereof, vague, indefinite, and uncertain though they are. In such a case the law will presume a promise to pay the reasonable value of the services." Id. at 825.
Varney lost his case because he failed to plead unjust enrichment. It is clear from numerous subsequent judicial decisions, however, that, when unjust enrichment is duly pled, an employee in Varney's situation may, in appropriate cases, recover a bonus in addition to his salary even when the promised amount CT Page 12852 of the bonus is too indefinite to be enforced as a matter of contract law. See Pillois v. Billingsley, 179 F.2d 205, 207 (2d Cir. 1950); Sabatini v. Hensley, 326 P.2d 622, 624
(Cal. Dist. Ct. App. 1958); Hunter v. Ryan, 293 P. 825, 826
(Cal. Dist. Ct. App. 1930); Bragdon v. Shapiro, 77 A.2d 598, 601 (Me. 1951);Von Reitzenstein v. Tomlinson, 162 N.E. 584, 585 (N.Y. 1928) (Cardozo, J.); Canet v. Smith, 159 N.Y.S. 593, 596 (N.Y.App.Div. 191 6).
This body of case law must now be reconciled with the familiar doctrine that a person of full capacity who contracts to perform services is not entitled to compensation other than in accordance with the terms of the bargain. See Restatement ofRestitution § 107 (1) (1937). Both logical and equitable considerations bear on this issue.
Williston suggests a logical answer to this problem. There are really two promises here: one for the salary, and the other for the bonus. The salary promise is a bargain enforced by the law of contract. The bonus promise, while not a bargain in the doctrinal sense, nevertheless preserves the employee's right to recover by the law of unjust enrichment. As Williston puts it,
 Where the parties have promised an indefinite payment in addition to a definite price, as for example, the promise to pay some indefinite compensation in addition to a stated wage, or an unspecified profit in addition to the cost of goods, though it is possible that the parties intended a bargain, the inference would be to the contrary; in such a case, though the agreement might be unenforceable as made, the existence of the indefinite promise might rebut any assertion that the specified sum was controlling, and might preserve the right to recover to the extent that the reasonable value exceeded the specified sum.
1 Samuel Williston, A Treatise on the Law of Contracts § 4:22 at 514 (4th ed. 1990).
There are obvious equitable underpinnings to this body of case law as well. "The right of recovery for unjust enrichment is equitable, `its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the CT Page 12853 plaintiff.'" National CSS, Inc. v. City of Stamford,195 Conn. 587, 597, 489 A.2d 1034 (1985). (Internal citation omitted.) The whole point of equity is to do justice. If the law is in danger of doing injustice, then equity — which, after all, was introduced to mitigate the rigor of the law — can be called in to remedy it. This is true in the Varney v. Ditmars scenario, and it is true in the present case as well.
Take Varney first. Although CHA disputes the proposition, the idea of leaving an employee in Varney's position with his modest salary and allowing the employer to retain both the promised bonus and the benefit of the employee's labors is a repugnant one. Such an unjust decision would be a reproach to the law, and twentieth century courts have not adopted CHA's theory that an employee in Varney's situation must be satisfied with his salary alone when unjust enrichment has been duly pled.
CHA's formalistic approach is equally unconvincing in the context of the present case. The evidence construed in the light most favorably to the plaintiff indicates that Meaney was for a long time promised appropriate incentive compensation in addition to his salary if he turned CHA's insurance fortunes around. He amply fulfilled the stated condition. To turn him away with just his salary under these circumstances would be inequitable. Such a decision would unjustly enrich the employer at the employee's expense. The law should not countenance such cavalier treatment of loyal employees. Under these circumstances, the law of unjust enrichment provides an appropriate remedy.
Two Connecticut cases heavily relied upon by CHA are readily distinguishable. Burns v. Koellmer, supra, involved an employee who had a social relationship with her employer and did not have a formal employment contract. She was awarded unjust enrichment damages for her services, and those damages were upheld on appeal. In fact, the evidence showed that the claimed restitution was in addition to other "payments by cash and check."11 Conn. App. at 377. Day v. Len-Metal-Fab, Inc., 3 Conn. Cir. Ct. 249, 212 A.2d 426 (1965), involved an action to recover for services rendered by an accountant. The contract in that case was silent on the question of the time necessary to perform the accounting services in question, and the trial court made its award bases on the time reasonably commensurate with those services. That award was upheld. The question of reasonable value was plainly one for the trier of fact. CT Page 12854
The question of reasonable value was plainly a question for the trier of fact in this case as well. It should be pointed out that the jury in this case was not left to its unfettered speculation on the question of reasonable value. There was ample evidence on industry standards, some of it generated by CHA and its agents. The jury's award, while generous, is not unsupported by the evidence. As mentioned, Meaney brought millions of dollars in premiums into the CHA domain.
CHA additionally attacks the jury charge. This attack is more properly presented to a reviewing court, for reasons explained inBrunetto v. Royal Exchange Assurance Co., 126 Conn. 569, 572,13 A.2d 138 (1940). The jury was duly instructed that a plaintiff seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiff for the benefit, and (3) that the failure of payment was to the plaintiff's detriment. This instruction was appropriate under Connecticut law. See Hartford Whalers HockeyClub v. United Goodrich Tire Co., 231 Conn. 276, 283,649 A.2d 518 (1994).
While CHA raises other issues, those issues are without merit and need not be further discussed.
The motion to set aside the verdict, for judgment notwithstanding the verdict, for new trial, and for remittitur is denied.
Jon C. Blue Judge of the Superior Court