[No. C052872. Third Dist. Mar. 4, 2008.]

MARINE FORESTS SOCIETY et al., Plaintiffs and Appellants, v.
CALIFORNIA COASTAL COMMISSION, Defendant and Appellant.

### COUNSEL

The Zumbrun Law Firm, Ronald A. Zumbrun and Mark A. Teh for Plaintiffs and Appellants.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Tom Greene, Chief Assistant Attorney General, J. Matthew Rodriquez, Assistant Attorney General, and Lisa Trankley, Deputy Attorney General, for Defendant and Appellant.

### OPINION

**SCOTLAND, P. J.**—At issue in this appeal is whether Marine Forests Society (Marine Forests) qualifies for an award of attorney fees pursuant to Code of Civil Procedure section 1021.5 (hereafter section 1021.5), which entitles a "successful" litigant to such an award when its lawsuit "resulted in the enforcement of an important right affecting the public" and, among other things, "a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons." Even without a favorable judicial resolution, the plaintiff is considered a "successful" litigant for purposes of section 1021.5 if the lawsuit was the "catalyst" that caused

"the defendant [to] change[] its behavior substantially because of, and in the manner sought by, the litigation." (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 560 [21 Cal.Rptr.3d 331, 101 P.3d 140] (hereafter *Graham*).)

But for this lawsuit filed by Marine Forests, the California Coastal Commission (Commission) would be operating as it had since its creation. The authority of the Senate Committee on Rules and the Speaker of the Assembly to not only appoint a majority of the Commission's voting members but also to replace them at will if they act in a manner disfavored by the appointing authority allowed the Legislature to both declare the law and control the Commission's execution of the law and exercise of its quasi-judicial functions. That contravened the separation of powers clause of California's Constitution.

Because of this lawsuit, the Legislature amended the governing statutes to cure the constitutional defect by providing that each of the Commission members appointed by the Senate Committee on Rules or the Speaker of the Assembly shall serve a four-year term and cannot be removed at the pleasure of the appointing authority. This action conferred a benefit on the general public by eliminating the potential that a decision of the Commission affecting an important public right might be influenced by an appointment and removal process that was subject to making members of the Commission subservient to members of the Legislature.

However, while it was the impetus for change in the authority to appoint and remove members of the Commission, the lawsuit did not achieve its objective to enjoin the Commission from requiring Marine Forests to remove an experimental manmade reef that it had planted on the ocean floor. Indeed, the Commission resisted Marine Forests's attack on its action, and the judgment enjoining the Commission from ordering Marine Forests to cease and desist from maintaining the reef was reversed by the California Supreme Court, which held that "under the 'de facto officer' doctrine[,] prior actions of the Commission [such as the cease and desist order in this case] cannot be set aside on the ground that the appointment of the commissioners who participated in the decision may be vulnerable to constitutional challenge." (*Marine Forests Society v. California Coastal Com.* (2005) 36 Cal.4th 1, 54 [30 Cal.Rptr.3d 30, 113 P.3d 1062].)

Consequently, even though it was the catalyst that caused *the Legislature* to change the appointment authority, the lawsuit did not cause "the defendant

[*the Commission*]" to substantially change *its behavior* "because of, and in the manner sought by, the litigation." (*Graham, supra*, 34 Cal.4th at p. 560.) Thus, despite the fact that this lawsuit was the catalyst for a change in the law, the catalyst theory for a section 1021.5 attorney fees award does not apply because it was the Legislature, not the Commission, that changed its behavior as a result of this lawsuit.

To the extent it can be said that the rationale of the catalyst theory should apply to a lawsuit like this, which was the moving force resulting in a change in statutory law that conferred a significant benefit on the general public regarding important rights affecting the public, the argument must be made to the California Supreme Court because we are bound by the ruling in *Graham, supra*, 34 Cal.4th at page 560. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

## BACKGROUND

This is the third appeal stemming from litigation between Marine Forests and the Commission.

Because of the separation of powers problem summarized above, we initially affirmed the trial court's judgment that enjoined the Commission from granting, denying, or conditioning permits, or from issuing cease and desist orders. (*Marine Forests Society v. California Coastal Com.*█ (Cal.App.), review granted Apr. 9, 2003, S113466 (hereafter *Marine Forests I*).)

We then reversed the trial court's award of trial attorney fees to Marine Forests based on a private attorney general theory. We did so because Marine Forests failed to demonstrate that the financial burden of bringing the litigation was out of proportion to its individual stake in the matter—which is one of the three criteria necessary for the entitlement to attorney fees pursuant to section 1021.5. (*Marine Forests Society v. California Coastal Com.* (Apr. 1, 2003, C040739) [nonpub. opn.] (hereafter *Marine Forests II*).)

In this third appeal, the Commission challenges the trial court's order awarding Marine Forests its appellate attorney fees. Marine Forests cross-appeals, contending the trial court erred in ruling that law of the case precluded an award of trial fees and abused its discretion when it failed to

apply a larger multiplier in awarding appellate attorney fees. As we will explain, Marine Forests is not entitled to attorney fees because it is not the prevailing party in that the California Supreme Court reversed the judgment in favor of Marine Forests (*Marine Forests Society v. California Coastal Com., supra,* 36 Cal.4th 1) and it is not a "successful" party under the "catalyst theory" for attorney fees pursuant to section 1021.5. Thus, we shall reverse the order awarding appellate attorney fees. Because Marine Forests was not entitled to attorney fees, its cross-appeal fails.

## FACTS

The Commission is the "state coastal zone planning and management agency" with primary responsibility for implementing the provisions of the California Coastal Act of 1976 (Pub. Resources Code, § 30000 et seq.). (Pub. Resources Code, §§ 30300, 30330.) It has 12 voting members, with the Governor, the Speaker of the Assembly and the Senate Committee on Rules each selecting four members. (Pub. Resources Code, §§ 30301, subds. (d), (e), 30301.5.)

Marine Forests is a nonprofit corporation whose purpose is the development of experimental research programs for the creation of marine forests to replace lost marine habitat. To promote this objective, it planted an experimental marine forest on a sandy plain of the ocean near Newport Harbor in Orange County, California. The marine forest was made of various materials, including used tires, plastic jugs, and concrete blocks.

When the Commission commenced cease and desist proceedings regarding the experimental reef, Marine Forests filed a lawsuit. Among other things, Marine Forests claimed that because members of the Commission served two-year terms at the pleasure of their appointing authority (Pub. Resources Code, former § 30312), the Commission should be enjoined from issuing cease and desist orders or from granting or denying permits for coastal development because the scheme for appointment of its voting members gave the legislative branch control over the Commission, thereby impermissibly interfering with the Commission's executive branch responsibility to execute the laws. The trial court ruled in favor of Marine Forests but stayed its decision pending the Commission's appeal.

In *Marine Forests I,* we concluded that the Commission's interpretation and implementation of the California Coastal Act is an executive function and that the appointment structure giving the Senate Committee on Rules and the Speaker of the Assembly the power to appoint the majority of the Commission's voting members and to remove them at will contravened the separation of powers clause of California's Constitution. This was so because

that power allowed the legislative branch to not only declare the law, but also to control the Commission's execution of the law and exercise of its quasi-judicial powers. Accordingly, we affirmed the trial court's judgment in favor of Marine Forests. (*Marine Forests I, supra,* review granted Apr. 9, 2003, S113466.)

The Commission then appealed from the trial court's order awarding section 1021.5 attorney fees to Marine Forests. The Commission argued that Marine Forests failed to establish a necessary criterion for such an award, namely that the financial burden of litigation was outweighed by its personal stake in the matter. According to the Commission, Marine Forests had a strong personal and pecuniary motive to pursue the requested relief because its primary objective was to prevent the Commission from ordering it to remove its artificial reef, which would have been very costly, or to pay penalties of up to $6,000 a day if it failed to remove the artificial reef. (Pub. Resources Code, § 30821.6, subd. (a).) This purpose was shown by the fact that, aside from its separation of powers contention, Marine Forests alleged other causes of action, including a claim that the Coastal Act precluded the Commission staff from acting on substantive coastal issues, the cease and desist order would constitute an unconstitutional taking of private property, the Commission's failure to prepare an environmental impact report violated the California Environmental Quality Act (CEQA; Pub. Resources Code, § 21000 et seq.), and the issuance of a cease and desist order would violate Marine Forests's civil rights.

In *Marine Forests II,* we reversed the attorney fee award for the following reason: "The construction and maintenance of artificial reefs is Marine Forests's main reason for being. Its inability to obtain necessary permits from the Commission for the construction of such reefs, and the impending removal of its existing artificial reef at the direction of the Commission, threatened its very existence." Thus, it "raised every conceivable theory, including the separation of powers argument, to prevent this from occurring." Its "action in effect invalidated the Commission's issuance of the cease and desist order against Marine Forests on the ground that the Commission, due to the statutory method for the appointment of its voting members, lacked the authority to issue such an order. Although the trial court's decision resolved a constitutional issue involving the separation of powers doctrine, the public's interest in this outcome was incidental to Marine Forests's primary objective of preventing the Commission from ordering it to remove its artificial reef or to pay monetary penalties for its failure to do so. 'Section 1021.5 is intended as a "bounty" for pursuing public interest litigation, not a reward for litigants motivated by their own interests who coincidentally serve the public.' [Citations.]" The record showed that "although Marine Forests also litigated the separation of powers issue, an award of public interest attorney fees was not necessary to encourage Marine Forests to do so. Rather, it litigated the

issue for its own pecuniary benefit, with incidental benefit to the public. In other words, Marine Forests's individual stake in the litigation 'would have been sufficient in its own right to have motivated [its] participation in the litigation.' [Citation.]" "As the party moving for attorney fees under section 1021.5, Marine Forests had the burden to prove that it met the relevant criteria for an award of such fees. [Citations.] However, even after the Commission raised the issue in the trial court, Marine Forests failed to address the manner in which the financial burden of pursuing the litigation outweighed its personal stake in maintaining its artificial reef and avoiding penalties." Therefore, attorney fees were unwarranted because Marine Forests did not meet its burden of establishing the necessary criteria. (*Marine Forests II, supra,* C040739.)

The California Supreme Court then granted the Commission's petition for review in *Marine Forests I* concerning the separation of powers issue. (*Marine Forests Society v. California Coastal Com., supra,* 36 Cal.4th 1 (hereafter *Marine Forests III*).) And in response to *Marine Forests I,* the Legislature amended Public Resources Code section 30312 (hereafter section 30312) to eliminate the provision concerning the ability of the Speaker of the Assembly and the Senate Committee on Rules to remove their appointees to the Commission at will. Now such appointments are for a set four-year term.[1]

In *Marine Forests III,* the Supreme Court held injunctive relief was not warranted because the current statutory provisions governing the composition of the Commission do not violate the separation of powers clause of the California Constitution. (*Marine Forests III, supra,* 36 Cal.4th at pp. 14, 52.) The court then concluded that even if the statutory scheme had violated the separation of powers clause, the Commission's actions prior to the statutory amendment were valid because of the de facto officer doctrine. (36 Cal.4th at pp. 53–54.) Where officers act under color of appointment as provided by an unconstitutional public law, but act before the law is adjudged unconstitutional, their actions are deemed valid even if a challenge to their actions is timely raised in an administrative or judicial proceeding contesting the validity of an official action. (*Id.* at pp. 54–55.) A "principal purpose of the de facto officer doctrine . . . is to prevent the crippling of an officer's or commission's operations that would occur if this type of claim . . . could be raised in any proceeding challenging an individual action taken by the officer

---

[1] Section 30312, subdivision (b)(2) provides: "(2) A member appointed by the Senate Committee on Rules or the Speaker of the Assembly shall serve for four years, and may be reappointed for succeeding four-year periods, provided that the member may continue to serve beyond the four-year term until his or her appointing authority has acted and the appointee is authorized to sit and serve on the commission. If the Senate Committee on Rules or the Speaker of the Assembly has not acted within 60 days after the expiration of a member's term, the position shall become vacant until a person is appointed to a four-year term, calculated from the expiration date of the preceding term."

or commission." (*Marine Forests III, supra*, 36 Cal.4th at p. 56.) Hence, "the circumstance that the statutory provisions governing the appointment and tenure of the members of the Commission who acted upon a particular matter might be vulnerable to constitutional challenge provides no independent basis for overturning the action taken by the Commission." (*Marine Forests III, supra*, 36 Cal.4th at p. 57.) Accordingly, the Supreme Court reversed our decision affirming the trial court's judgment granting injunctive relief. (*Id.* at p. 58.)

After the remittitur was filed in the trial court, Marine Forests renewed in the trial court its motion for attorney fees, asserting that even though it did not obtain a favorable judgment, it is entitled to attorney fees under a catalyst theory of recovery because its action triggered a legislative change in the manner of appointment of Commission members, thereby bestowing a significant benefit upon the public. To fill the evidentiary void left in the earlier proceedings as to whether the financial burden of bringing the litigation was out of proportion to its individual stake in the matter, Marine Forests provided estimates indicating that it would cost $8,000 to have volunteers remove the artificial reef over a period of approximately six months, or cost $26,300 to have a contractor remove the reef over four days, whereas Marine Forests had incurred $500,000 in attorney fees in pursuing the litigation. This, Marine Forests argued, demonstrated that the financial burden of private enforcement outweighed its personal gain.

The Commission opposed the attorney fee motion, contending that the doctrine of law of the case precluded an award and asserting that Marine Forests was not entitled to fees because it was not the successful party and had not achieved its litigation objectives.

Ruling the doctrine of law of the case barred only an award of trial attorney fees, not appellate attorney fees, the trial court found the lawsuit triggered, and was a catalyst for, the amendment of a statute that violated the California Constitution, which showed Marine Forests had achieved a significant goal of its litigation even if it did not obtain a favorable judgment. The court further found that the resulting legislative amendment also satisfied the first and second requirements of section 1021.5, the vindication of an important right affecting the public interest, which conferred a significant benefit on the general public. In addition, the court found that the financial burden of litigation was out of proportion to Marine Forests's individual stake in the matter because the cost of removing the reef was outweighed by the cost of litigation. Applying a multiplier of 1.5, the court awarded Marine Forests attorney fees of $176,811.75.

DISCUSSION

The Commission argues the doctrine of law of the case precludes an award of appellate attorney fees. Marine Forests counters that not only are appellate attorney fees appropriate, the trial court erred in ruling that trial attorney fees are barred by law of the case.

We need not address these contentions because regardless of whether the doctrine of law of the case applies, the Commission's alternate appellate contention has merit and bars an award of fees. The Commission correctly asserts that an attorney fee award is not warranted because Marine Forests is no longer the prevailing party and it failed to establish it is entitled to fees under the catalyst theory.

I

Section 1021.5 provides "a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. . . ."

"Whether a party has met the requirements for an award of fees and the reasonable amount of such an award are questions best decided by the trial court in the first instance. [Citations.] That court, utilizing its traditional equitable discretion, must realistically assess the litigation and determine from a practical perspective whether the statutory criteria have been met. [Citation.] Its decision will be reversed only if there has been a prejudicial abuse of discretion. [Citation.] To make such a determination we must review the entire record, paying particular attention to the trial court's stated reasons in denying or awarding fees and whether it applied the proper standards of law in reaching its decision. [Citation.]" (*Bouvia v. County of Los Angeles* (1987) 195 Cal.App.3d 1075, 1081–1082 [241 Cal.Rptr. 239]; accord, *Hewlett v. Squaw Valley Ski Corp.* (1997) 54 Cal.App.4th 499, 544 [63 Cal.Rptr.2d 118].) "The pertinent question is whether the grounds given by the court for its denial of an award are consistent with the substantive law of section 1021.5 and, if so, whether their application to the facts of th[e] case is within the range of discretion conferred upon the trial courts under section 1021.5, read in light of the purposes and policy of the statute." (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1298 [255 Cal.Rptr. 704].)

A party seeking an award of section 1021.5 attorney fees must "prevail" or be "successful," which generally involves obtaining a favorable judicial decision, i.e., a judicially sanctioned or recognized change in the legal relationship of the parties. (*Godinez v. Schwarzenegger* (2005) 132 Cal.App.4th 73, 90 [33 Cal.Rptr.3d 270]; cf. *Abouab v. City and County of San Francisco* (2006) 141 Cal.App.4th 643, 663 [46 Cal.Rptr.3d 206].) Fees are not barred if the case was won on a preliminary issue or if the parties settled before trial. (*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 685 [186 Cal.Rptr. 589, 652 P.2d 437].) However, procedural success during the course of the litigation is insufficient to justify such attorney fees where the ruling is later vacated or reversed on the merits. (*Miller v. California Com. on Status of Women* (1985) 176 Cal.App.3d 454, 458 [222 Cal.Rptr. 225].)

## II

Marine Forests did not ultimately achieve judicially sanctioned relief because the California Supreme Court reversed our decision that affirmed the trial court's judgment in favor of Marine Forests. (*Marine Forests III, supra,* 36 Cal.4th at p. 58.) However, a party who does not obtain any judicial relief may be entitled to section 1021.5 attorney fees under what is known as the "catalyst theory," which permits an award of attorney fees "even when litigation does not result in a judicial resolution if the defendant changes its behavior substantially because of, and in the manner sought by, the litigation." (*Graham, supra,* 34 Cal.4th at pp. 560–561; see *Bowman v. City of Berkeley* (2005) 131 Cal.App.4th 173, 178 [31 Cal.Rptr.3d 447].)[2] This saves judicial resources by encouraging the plaintiff to discontinue its litigation after the defendant acquiesces to the remedy initially sought. (*Graham, supra,* at p. 573.)

"In order to obtain attorney fees without such a judicially recognized change in the legal relationship between the parties, a plaintiff must establish that (1) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought; (2) that the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense, as elaborated in *Graham;* and (3) that the plaintiffs reasonably attempted to

[2] Although the United States Supreme Court has rejected the catalyst theory (*Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources* (2001) 532 U.S. 598, 605 [149 L.Ed.2d 855, 863, 121 S.Ct. 1835]), the California Supreme Court reaffirmed the viability of the theory under state law. (*Graham, supra,* 34 Cal.4th at pp. 568–570.)

settle the litigation prior to filing the lawsuit." (*Tipton-Whittingham v. City of Los Angeles* (2004) 34 Cal.4th 604, 608 [21 Cal.Rptr.3d 371, 101 P.3d 174].)[3]

■ The trial court did not apply this standard in assessing the effect of the amendment of section 30312 in relationship to Marine Forests's entitlement to attorney fees under the catalyst theory. The court found that "[a] significant goal of the litigation was to ensure that the composition of the Coastal Commission complied with the separation of powers doctrine." In cases where judicial relief was obtained, it is sufficient if the plaintiff achieved partial success or succeeded on *any* significant issue in the litigation which achieved *some* of the benefit the plaintiff sought in bringing suit. (*Bowman v. City of Berkeley, supra*, 131 Cal.App.4th at pp. 177–178.) However, in catalyst cases, the defendant must have provided the plaintiff with the *primary* relief sought. (*Id.* at p. 178.)

### III

The allegations of Marine Forests's complaint disclose that its primary goal was to save its reef, not to have section 30312 declared unconstitutional or to change the composition of the Commission. Thus, the complaint alleged "the actions of [the Commission] in purporting to commence a cease and desist order proceeding violates the Separation of Powers provision of the California Constitution . . . and is void." Asserting that due to conflicts of interest, the Commission had deprived it of due process at the cease and desist hearing on the reef, Marine Forests asked for a de novo hearing by the courts. And the complaint alleged (1) the Commission had violated CEQA by ordering removal of the reef without assessing environmental impacts, (2) removing the reef would make the property useless, which was the equivalent of inverse condemnation, and (3) the Commission violated Marine Forests's civil rights by refusing to approve its application for a permit and pursuing cease and desist proceedings. Hence, the complaint sought to enjoin the Commission from exercising jurisdiction over Marine Forests; from granting, denying or issuing permits; and from issuing and hearing cease and desist orders.

Thus, Marine Forests sought to retain the reef by precluding the Commission from enforcing the cease and desist order for its removal. Marine Forests "raised every conceivable theory, including the separation of powers argument, to prevent this from occurring." (*Marine Forests II, supra*, C040739.) In other words, its primary objective was to preserve the artificial reef.

Marine Forests did not achieve its objective. The Commission continues to issue cease and desist orders, and its preamendment orders, including the

---

[3] The Commission's briefs do not assert that Marine Forests failed to make reasonable efforts to settle the matter prior to filing the lawsuit.

order for Marine Forests to either remove its reef or face substantial penalties, have not been invalidated. The Commission did not "change[] its behavior substantially because of, and in the manner sought by, the litigation." (*Graham, supra,* 34 Cal.4th at p. 560.) It did not provide the primary relief that Marine Forests sought. (*Tipton-Whittingham v. City of Los Angeles, supra,* 34 Cal.4th at p. 608.) Rather, the Legislature responded to our decision in *Marine Forests I* by amending section 30312 to alter the appointment structure for Commission members, but this is not a change in *defendant Commission's* behavior.

Relying on language in *Bjornestad v. Hulse* (1991) 229 Cal.App.3d 1568 [281 Cal.Rptr. 548] (hereafter *Bjornestad*), Marine Forests claims the legislative change is sufficient to support an award of attorney fees.

In *Bjornestad,* residents of a special water district filed suit seeking a declaration that a special water district election statute was unconstitutional because it specified that only landowners in the district, as opposed to residents, could vote in district elections or be a member of the district's board of directors. This court initially held the landowner-only provisions were unconstitutional. (*Bjornestad, supra,* 229 Cal.App.3d at pp. 1573–1574.) A short time after the opinion was filed, the Legislature amended the Water Code to grant both residents and landowners the right to vote in the elections, and the water district petitioned the California Supreme Court for review of our decision. (*Id.* at pp. 1574–1575.) Review was granted, and the cause was transferred to this court with directions to vacate its opinion and reconsider the matter in light of the statutory amendment. (*Id.* at p. 1575.)

*Bjornestad* determined that the amendment did not moot the appeal because the preamendment landowner-only voting scheme, which placed the current directors in office, could not be used to validate those elections; hence, a new election would have to be held so that the nonlandowner/resident plaintiffs had the opportunity to participate in the process. (*Bjornestad, supra,* 229 Cal.App.3d at pp. 1576, 1578–1586.) However, *Bjornestad* rejected the plaintiffs' contentions that the statutory amendment, which permitted nonresident landowners to vote, unconstitutionally diluted the votes of newly enfranchised residents and violated California's Constitution. (229 Cal.App.3d at pp. 1586–1598.)

Regarding attorney fees, *Bjornestad* (1) observed that in the preamendment litigation, the trial court had awarded fees under section 1021.5, and (2) noted that the Legislature had "obviously recognized the merits of plaintiffs'

contention that Sierra residents are entitled to vote in Sierra elections and be members of Sierra's governing body." (*Bjornestad, supra*, 229 Cal.App.3d at p. 1598.) *Bjornestad* observed that " 'Case law takes a pragmatic approach in defining "prevailing" or "successful" party within the meaning of [Code of Civil Procedure] section 1021.5. "The critical fact is the impact of the action," in achieving the desired result, not "the manner of its resolution." [Citations.] The impact might include legislative changes, settlements, or amendments in policy.' [Citation.]" (*Id.* at p. 1598.) Accordingly, it affirmed the trial court's order awarding attorney fees. (*Ibid.*)

*Bjornestad* is of little assistance to Marine Forests because it was filed prior to the California Supreme Court's refinement of the catalyst theory and, therefore, it did not apply the requisite factors. And in *Bjornestad*, the plaintiffs unquestionably obtained the primary relief sought—the ability to vote in district elections and to become members of the board.

Here, the Legislature's amendment of section 30312 cannot be viewed as the primary relief sought by Marine Forests's complaint, which was aimed at preventing the removal of its artificial reef. Furthermore, the legislative change did not satisfy Marine Forests, who in *Marine Forests III* continued to challenge the amended statute as well as the Commission's actions under the preamendment statute. It argued the new statute did not resolve its concerns because the Speaker of the Assembly and the Senate Committee on Rules still selected the majority of the Commission's members. (*Marine Forests III, supra*, 36 Cal.4th at pp. 26, 49.) It also asserted that actions taken by the Commission prior to the statutory amendment, such as ordering Marine Forests to remove its reef, were invalid. (*Id.* at pp. 53–57 & fn. 26.) Marine Forests's challenges were not successful. (*Id.* at pp. 52, 57.) It has not saved its reef, nor has it changed the fact that the Speaker of the Assembly and the Senate Committee on Rules continue to appoint a majority of the Commission's members. The only change is the appointees now serve set four-year terms, rather than two-year terms at the pleasure of their appointing authorities.

In sum, Marine Forests failed to establish that defendant provided the primary relief sought in its litigation. Hence, the trial court erred in awarding attorney fees to Marine Forests under the catalyst theory. Because Marine Forests was not entitled to section 1021.5 attorney fees, its cross-appeal fails.

## DISPOSITION

The trial court's order awarding section 1021.5 attorney fees to Marine Forests is reversed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

Davis, J., and Robie, J., concurred.

The petition of plaintiffs and appellants for review by the Supreme Court was denied June 11, 2008, S162531.