Filed 3/1/13  Zalewa v. Tempo Research CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PEARLINE ZALEWA et al., | B238142 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC319156) |
| v. | |
| TEMPO RESEARCH CORPORATION et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles F. Palmer, Judge.  Reversed and remanded.

Dickstein Shapiro, Arthur Silbergeld, Christine de Bretteville for Defendants and Appellants.

Altshuler Berzon, Michael Rubin, Eileen B. Goldsmith; Law Offices of Joseph D. Tuchmayer, Joseph D. Tuchmayer; Law Offices of Todd Arron, Todd S. Arron for Plaintiffs and Respondents.

_____

We remanded this employment case to the trial court to determine (1) if attorney fees are authorized by statute following our reversal of the judgment in favor of plaintiffs, and (2) if fees are authorized, are they warranted by the facts of the case. On remand, both sides submitted demands for attorney fees to the trial court. The court awarded fees to plaintiff former employees as the "prevailing party" under Labor Code section 218.5.[1]

We reverse. Plaintiffs were not the prevailing party: they lost the case because their demands for bonuses were unfounded. Given that plaintiffs had no right to bonuses after they were laid off, defendants' payment of money to some former employees during the litigation was a gift that cannot be viewed—as a matter of law—as a "catalyst" warranting an award of attorney fees to plaintiffs.

## FACTS[2]

Plaintiffs are former employees of defendant Rifocs, a fiber optics company. In 1999, Rifocs merged with codefendant Textron. The merged entity was subsequently acquired by codefendant Tempo Research Corporation. The 1999 merger agreement contained a bonus clause. The bonus was intended to reward key employees for past performance and give them an incentive to remain with the company after the merger. Plaintiff employees were not third party beneficiaries of the merger agreement, which expressly forbids them from suing to enforce its terms.

To qualify for a bonus, plaintiffs had to be employed by the corporation at the end of the calendar year from 2000 through 2003. Plaintiffs received bonuses pursuant to the merger agreement beginning in December 2000. Plaintiff Laws received a bonus of $10,000 for 2000-2001 and Zalewa received a bonus of $75,000 for 2000-2002.

In 2001, defendants began employee layoffs because the market for fiber optics cooled. Defendants' employment roster declined from 125 employees in April 2001 to seven employees in 2003. After being laid off, plaintiffs received no further bonuses;

---

[1] Labor Code section 218.5 will be referred to in this opinion as § 218.5.

[2] The facts are largely derived from our opinion in *Zalewa v. Tempo Research Corporation* (Sept. 27, 2010) B210429 (nonpub. opn., as modified Oct. 27, 2010).

however, they were entitled to—and received—severance pay. They signed releases agreeing not to sue on any claim arising from their employment with defendants.

In 2004, plaintiffs filed suit alleging Labor Code violations, unfair business practices, breach of contract, conversion, promissory estoppel, bad faith, and private attorney general (PAGA) penalties. In July 2005, defendants offered payments to laid-off employees, though not to the plaintiffs. After defendants made the payments, plaintiffs amended their complaint to allege a class action and assert a new claim for a "residual bonus." A class was certified in 2007.

A bench trial was conducted in 2008. The court found that plaintiffs are entitled to recover a direct bonus, but no residual bonus Because the bonus was unpaid wages, plaintiffs were awarded prejudgment interest and attorney fees under § 218.5. The court denied penalties to plaintiffs, finding that it would be unjust because defendants voluntarily tendered almost all of the outstanding direct bonus amounts to class members. The court awarded 11 employees $0 because they were paid *more* money by defendants than they were owed. The remaining eight former employees were awarded sums ranging from $455 to $35,719. The court awarded plaintiffs' counsel attorney fees of $881,715. The court rejected plaintiffs' claim under PAGA for lack of standing, because plaintiffs left defendants' employ before PAGA took effect in 2004.

Plaintiffs appealed the judgment because they felt entitled to residual bonuses and waiting time penalties, among other things. Defendants cross-appealed, challenging the trial court's award of a direct bonus, its invalidation of the releases signed by plaintiffs, and the court's award of attorney fees.

This Court reversed the judgment in favor of plaintiffs.

First, the trial court improperly invalidated the releases signed by plaintiffs after finding that defendants reasonably and in good faith believed that they did not owe plaintiffs a bonus. In a bona fide dispute over wages, defendants can legitimately offer plaintiffs money in return for their release of all claims. There was no evidence that the releases were coerced or improperly obtained. We wrote that plaintiffs "could, and did, accept payments that exceeded their earned severance, in return for releasing all claims,

3

when there was a bona fide dispute over the wages owing. This is proper, even if the payment made by defendants was less than the bonus amounts claimed by the employees."

Second, the trial court erred by finding that plaintiffs are entitled to a direct bonus. Although plaintiffs benefit from the bonus clause, the merger agreement prohibits them from suing to enforce its terms. Further, plaintiffs did not rely on any written or oral promises from defendants that they would receive a bonus even if they were laid off from their jobs due to depressed economic conditions. Because plaintiffs are not entitled to a bonus after they were laid off, they are not entitled to waiting time penalties, other Labor Code penalties, or prejudgment interest.

Finally, we reversed the trial court's award of $881,715 in attorney fees. We remanded the case to the trial court to determine whether an award of attorney fees is authorized by statute and warranted by the facts. Notably, we did *not* specify that either plaintiffs or defendants might be entitled to fees.[3]

On remand, the parties filed cross-motions for attorney fees. Plaintiffs requested an award of $307,146 as the prevailing party pursuant to § 218.5, reasoning that this litigation was the catalyst for defendants' July 2005 payments. Plaintiffs did not request attorney fees for litigation occurring after the 2005 payments, because the claims that went to trial were found by this Court to lack merit.

Defendants countered with a request for $2,210,360 in costs and attorney fees incurred at trial and on appeal. Defendants argued that they are the prevailing parties: the appeal showed that they had no obligation to pay anything to plaintiffs. Like plaintiffs, defendants relied upon § 218.5 as authority for their right to recover attorney fees. In opposition to plaintiffs' request for fees, defendants observed that their 2005

---

[3]    Plaintiffs misinformed the trial court that the case was remanded to resolve "whether and in what amount *plaintiffs are entitled to reasonable fees* for having achieved [a] substantial result for so many of the affected employees." (Italics added.) The opinion does not give a nod to plaintiffs' claim for fees.

4

payments were made to nonparties, not to plaintiffs, and plaintiffs are not the prevailing parties because they did not recover any relief against defendants at trial. In defendants' view, the "catalyst" theory is inapposite because no public interest was vindicated by plaintiffs' lawsuit.

## THE TRIAL COURT'S RULING

The trial court denied defendants' motion for attorney fees. Citing § 218.5, the court granted plaintiffs' motion for fees, finding that plaintiffs are the prevailing parties, even if they did not obtain a favorable judgment in the litigation. The court reasoned that plaintiffs' lawsuit was a catalyst, provoking defendants to make the 2005 payments to some former employees. Plaintiffs initially won their lawsuit in the trial court and other employees recovered their bonuses from defendants in administrative proceedings: these factors demonstrated that the lawsuit was not frivolous, groundless or unreasonable. Finally, plaintiffs made demands for their bonus before the action was filed but were rebuffed, demonstrating that the litigation was necessary. Plaintiffs' attorneys were awarded a total of $346,947.

## DISCUSSION

### 1. Appeal and Review

The appeal arises from a postjudgment order awarding attorney fees and costs. (Code Civ. Proc., § 904.1, subd. (a)(2); *Raff v. Raff* (1964) 61 Cal.2d 514, 519; *Breckler v. Thaler* (1978) 87 Cal.App.3d 189, 193.) An attorney fee award generally is reviewed for an abuse of discretion; however, when the parties dispute whether the trial court was legally authorized to make an award because "the criteria for making an award" were unmet, this calls for statutory construction and presents a question of law. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213-1214; *Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169. 1175.) Specifically, we are asked whether § 218.5 permits, under a catalyst theory, an award of attorney fees to plaintiffs who did not prevail on any of the claims made in their lawsuit. Review is de novo, because the issue is whether there is a legal basis for awarding attorney fees. (*Earley v. Superior Court*

5

(2000) 79 Cal.App.4th 1420, 1426; *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 149.)

## 2. <u>Overview of § 218.5</u>

Section 218.5 reads, in relevant part, "In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." The statute is a reciprocal fee recovery provision that works in favor of either employees or employers, whichever is the prevailing party in a lawsuit claiming unpaid wages. (*Earley v. Superior Court*, *supra*, 79 Cal.App.4th at p. 1427.) In employee class action suits, class representatives assume a fiduciary responsibility on behalf of absent parties and are potentially responsible for defense fees if their case fails. (*Id.* at pp. 1434-1436.) An unpaid bonus is treated as a claim for unpaid wages. (*Hunter v. Ryan* (1930) 109 Cal.App. 736, 738.)

## 3. <u>The Catalyst Theory</u>

The catalyst theory arises from the private attorney general doctrine codified in Code of Civil Procedure section 1021.5.[4] It allows courts to award attorney fees to a "successful party" in an action that results in "the enforcement of an important right affecting the public interest" if there is (a) a significant benefit conferred on the general public or a large class of persons, (b) the financial burden of private enforcement makes the award appropriate, and (c) the fees should not be paid out of any recovery. (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 565 (*Graham*).)

---

[4]  The statute reads, in relevant part, "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if:  (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

The doctrine "'"rests upon the recognition that privately initiated lawsuits are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible."'" (*Graham*, *supra*, 34 Cal.4th at p. 565.) It does not apply when a lawsuit's "primary effect was the vindication of [plaintiff's] personal right and economic interest." (*Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629, 637.)

"Under the catalyst theory, attorney fees may be awarded even when litigation does not result in a judicial resolution if the defendant changes its behavior substantially because of, and in the manner sought by, the litigation. . . . In order to be eligible for attorney fees[,] a plaintiff must not only be a catalyst to defendant's changed behavior, but the lawsuit must have some merit [ ] and the plaintiff must have engaged in a reasonable attempt to settle its dispute with the defendant prior to litigation." (*Graham*, *supra*, 34 Cal.4th at pp. 560-561.)

"'A plaintiff will be considered a "successful party" where an important right is vindicated "by activating defendants to modify their behavior."'" (*Graham*, *supra*, 34 Cal.4th at p. 567.) Plaintiff need not secure a favorable final judgment to succeed: the case may be won on a preliminary issue; or by convincing a public agency to implement state law; or by reaching a settlement with a corporation in a shareholder derivative suit. (*Id*. at pp. 565-567, citing cases.) In *Graham*, the plaintiffs sued Chrysler for making false statements about the towing capacity of its trucks, inspiring the company to offer to repurchase or replace the trucks. The lawsuit caused Chrysler to change its behavior, "implicated an issue of public safety, and [ ] benefited thousands of consumers and potentially thousands more by acting as a deterrent to discourage lax responses to known safety hazards." (*Id*. at pp. 577-578.)

### 4. Plaintiffs' Right to Recover Attorney Fees

Plaintiffs originally brought suit in 2004 "on behalf of themselves and the general public." They requested attorney fees pursuant to § 218.5. While the case was pending,

7

but before plaintiffs amended their complaint to include class allegations, defendants paid money to some of the laid-off employees, but not to plaintiffs. Plaintiffs proceeded to trial, where they won their unpaid bonus money. The victory was short-lived, as defendants had a successful appeal.

To determine the prevailing party under § 218.5, we import the definition used in the Code of Civil Procedure (*On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079, 1085-1087), which defines a prevailing party as "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (Code Civ. Proc., § 1032, subd. (a)(4).) Plaintiffs did not have a net monetary recovery against defendants. In fact, they recovered nothing. Under the plain language of § 218.5, plaintiffs were not the prevailing party because all of their claims against defendant were denied.

While no court has yet applied the catalyst theory to a case arising from § 218.5, plaintiffs argue that the theory should apply, based on defendants' July 2005 payments to some former employees. It is unclear whether the permissive fee shifting described in the catalyst theory applies to a statute like § 218.5, which *mandates* an award of attorney fees to the "prevailing party." Assuming the catalyst theory applies to Labor Code cases, its application does not assist plaintiffs in their quest for attorney fees.

The opinion in the prior appeal shows that plaintiffs had no right to collect a bonus after they were laid off from their jobs with defendants. By extension, the laid-off, nonparty employees who received payments from defendants in July 2005 also had no right to collect a bonus. Had the employees not accepted the 2005 payments, they would have received nothing in the litigation. In the eyes of the law, defendants' 2005 payments were a gift, not a contractual or statutory obligation to remit unpaid wages.

When deciding whether to award attorney fees, the court reviews the facts "not only to determine the lawsuit's catalytic effect but also its merits. Attorney fees should not be awarded for a lawsuit that lacks merit." (*Graham*, *supra*, 34 Cal.4th at p. 576.) Plaintiffs cannot be a "successful party" if a reviewing court flatly rejects their case on

8

the merits. (*Marine Forests Society v. California Coastal Com.* (2008) 160 Cal.App.4th 867, 877.) Although plaintiffs' lawsuit provoked the 2005 payments, the lawsuit itself lacked merit, because plaintiffs demanded bonuses and penalties that they were not entitled to collect.

A lawsuit that provokes a defendant to make a gift is not a ground for awarding attorney fees: no significant benefit is conferred on the public or a large class of persons by such a lawsuit (*Graham*, *supra*, 34 Cal.4th at p. 578), and defendants engaged in no detrimental behavior that needed to be changed. As discussed in our prior opinion, defendants had the right to behave the way they did, laying off employees they could not afford to keep and denying bonuses to employees who were not on the payroll at year's end. (Compare *Tipton-Whittingham v. City of Los Angeles* (2004) 34 Cal.4th 604, 607-610 [city instituted remedial practices in its police department after plaintiff sued for race and sex discrimination, justifying application of the "catalyst" theory of fee recovery]; *Harbor v. Deukmejian* (1987) 43 Cal.3d 1078, 1103 [catalyst theory applied when plaintiffs successfully challenged the governor's constitutional veto authority, which conferred a significant benefit on the general public]; *Hogar Dulce Hogar v. Community Development Com. of City of Escondido* (2007) 157 Cal.App.4th 1358, 1368 [plaintiffs successfully obtained an amendment to a tax sharing agreement and a $1.35 million reimbursement to a city housing fund, giving rise to catalyst fees].)

In sum, this lawsuit was instigated by a handful of employees who felt entitled to collect a bonus for years after they stopped working. By no stretch of imagination did this lawsuit aim to vindicate an important right affecting the public interest; nor did it confer a significant benefit on the general public or a large class of persons; nor did it cure detrimental behavior by defendants, who did not engage in improper conduct. This was not a lawsuit "'that genuinely provide[d] a public benefit.'" (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 255.) The catalyst theory does not apply here.

## 5. Defendants' Right to Recover Attorney Fees

Section 218.5 is a reciprocal attorney fees statute that requires an award of fees to the "prevailing party" so long as one of the parties demands those fees upon the initiation

of the action. Here, plaintiffs demanded fees pursuant to § 218.5 when they filed suit. Defendants were the prevailing parties on appeal, which resolved the entire lawsuit in their favor. (Code Civ. Proc., § 1032, subd. (a)(4) [prevailing party is the defendant if neither plaintiff nor defendant obtains any relief, and the defendant when the plaintiff recovers no relief against that defendant].) Plaintiffs did not prevail on any claims.

Plaintiffs contend that their claims for fees under § 218.5 were inextricably intertwined with their PAGA claim, making it impossible to award attorney fees to defendants as the prevailing party under § 218.5. As the trial court found, plaintiffs had no standing to bring a PAGA claim because PAGA did not exist when plaintiffs were terminated from their employment with defendants. In any event, § 218.5 lists only one remotely pertinent exception: "This section does not apply to any action for which attorney's fees are recoverable under Section 1194."[5] Plaintiffs did not proceed under section 1194, a one-way fee shifting statute authorizing attorney fees to employees who prevail on their minimum wage or overtime compensation claims.

Section 218.5 contains no equitable exemption allowing the courts to give a pass to employees who invoke its provisions then lose their case, causing the employer to become the prevailing party in the litigation. Defendants are the prevailing party under § 218.5, and are entitled to recover reasonable attorney fees they incurred in this litigation, including the two appeals.[6]

---

[5]     Section 218.5 contains several express exceptions: it does not apply to an action brought by the Labor Commissioner; it does not apply to a surety issuing a bond pursuant to the Business and Professions Code; and it does not apply to an action to enforce a mechanics lien under the Civil Code. The statute does not mention PAGA.

[6]     The issue of attorney fees following reversal of the judgment first arose in plaintiffs' petition for rehearing, when it was procedurally inopportune to resolve a new issue, hence the remand. We never intended to confuse the trial court by remanding for further proceedings on the issue of attorney fees.

10

## DISPOSITION

The postjudgment order awarding attorney fees and costs to plaintiffs is reversed. The case is remanded to the trial court to determine a reasonable award of attorney fees and costs for defendants. Defendants are entitled to recover their costs on appeal, as the prevailing party.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                        BOREN, P.J.

We concur:


        ASHMANN-GERST, J.


        FERNS, J.*


_____

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.


11