Filed 9/22/21  City of Gardena v. State Water Resources Control Bd. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITY OF GARDENA, | |
| Plaintiff and Respondent, | G059466 |
| v. | (Super. Ct. No. 30-2016-00833722) |
| STATE WATER RESOURCES CONTROL BOARD et al., | O P I N I O N |
| Defendants and Appellants; | |
| CITY OF WEST COVINA et al., | |
| Real Parties in Interest. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Glenda Sanders, Judge.  Reversed.

Xavier Becerra and Rob Bonta, Attorneys General, Robert W. Byrne, Assistant Attorney General, Gary E. Tavetian and Daniel M. Lucas, Deputy Attorneys General, for Defendants and Appellants.

Casso & Sparks, John J. Harris; Locke Lord and Susan A. Kidwell for Plaintiff and Respondent.

Jones & Mayer and Bruce A. Lindsay for Real Parties in Interest City of West Covina, City of Santa Fe Springs, City of Lakewood, and City of Claremont.

Aleshire & Wynder, Christine M. Carson and Nicholas P. Dwyer for Real Parties in Interest City of Carson, City of Rancho Palos Verdes, and City of Signal Hill.

No appearance for Real Party in Interest City of Baldwin Park.

\*          \*          \*

## INTRODUCTION

A regional water board issued a permit requiring municipal entities within the region to reduce pollutants in their sewer systems. The state water board upheld this permit. Two of the municipal entities affected by the permit, the City of Duarte (Duarte) and the City of Gardena (Gardena), separately challenged it. After a bench trial, the court entered judgment in favor of both Duarte and Gardena and issued separate writs of mandate requiring the water boards to delete certain terms from the permit and to reconsider it. The trial court then awarded Duarte, Gardena, and certain other cities that had participated in the litigation their attorney fees pursuant to Code of Civil Procedure section 1021.5 (section 1021.5). The water boards filed separate notices of appeal from the judgments and the postjudgment orders awarding fees.

On the appeal from the judgment, this court reversed the judgment and directed the trial court to deny the petition for writ of mandate. (*City of Gardena v. State Water Resources Control Board* (Jan. 28, 2021, G058540) [nonpub. opn.].) The California Supreme Court denied Gardena's petition for review.[1]

---

[1] This court also reversed the judgment and directed the trial court to deny the petition for writ of mandate in the Duarte case. (*City of Duarte v. State Water Resources Control Bd.* (2021) 60 Cal.App.5th 258.) The California Supreme Court denied a petition for review and a request for depublication of the opinion in that case.

2

The appeal from the postjudgment order awarding attorney fees to Gardena and certain real parties in interest is now before us. Despite the reversal of the judgment originally in its favor, Gardena contends it is still the successful party. Normally, the reversal of a judgment automatically requires reversal of an attendant attorney fees order. Gardena nevertheless argues it is still the successful party because it achieved a significant benefit for itself and other similarly situated municipal entities. We disagree and reverse the postjudgment order awarding attorney fees.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts underlying the issuance of the permit, the litigation challenging the permit, and the entry of judgment and issuance of a writ of mandate in favor of Gardena are set forth in the companion appeal, *Duarte v. State Water Resources Control Board*, appeal No. G059469.

After the judgment was entered in its favor, Gardena filed a motion for attorney fees. Real parties in interest Rancho Palos Verdes, Signal Hill, and Carson filed a separate motion for attorney fees, as did real parties in interest West Covina, Lakewood, Santa Fe Springs, and Claremont, and real party in interest Baldwin Park. The trial court awarded attorney fees to Gardena and the Real Parties in Interest as follows:

| | |
|---|---|
| Gardena: | $1,094,613.50 |
| West Covina: | $91,280 |
| Lakewood: | $68,160 |
| Santa Fe Springs: | $68,920 |
| Claremont: | $13,360 |
| Baldwin Park: | $39,900 |
| Carson: | $15,120 |
| Signal Hill: | $23,560 |
| Rancho Palos Verdes: | $33,560 |

3

The Water Control Boards appealed from the postjudgment order.

As in the companion case *City of Duarte v. State Water Resources Control Bd., supra*, 60 Cal.App.5th 258, this court reversed the judgment and directed the trial court to deny the petition for writ of mandate sought by Gardena. (*City of Gardena v. State Water Resources Control Board, supra*, G058540.)

DISCUSSION

Section 1021.5, the private attorney general statute, "awards attorney fees to a party whose action has resulted in the enforcement of an important right affecting the public interest." (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 318.) There are four prerequisites for eligibility under section 1021.5: (1) the moving party's action results in enforcement of ""'an important right affecting the public interest,"'" 2) the action confers a significant pecuniary or nonpecuniary benefit on the general public or a large class of persons, (3) a private action by the moving party was necessary to obtain the public benefit, and (4) the financial burden of the private enforcement action makes it appropriate to award the moving party its attorney fees. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214; *Bui v. Nguyen* (2014) 230 Cal.App.4th 1357, 1365.) The party moving for an award of attorney fees under section 1021.5 bears the burden of establishing each element of the statute. (*Bui v. Nguyen, supra*, at p. 1365.)

I.

*REVERSAL OF A JUDGMENT GENERALLY REQUIRES REVERSAL OF AN ATTORNEY FEES AWARD*

In general, California law provides that if attorney fees are awarded under section 1021.5 based on a party's success in litigation, and that success is negated by a reversal of the judgment, then the award of attorney fees must also be reversed. "A party seeking an award of section 1021.5 attorney fees must 'prevail' or be 'successful,' which generally involves obtaining a favorable judicial decision, i.e., a judicially sanctioned or recognized change in the legal relationship of the parties. [Citations.] Fees are not

barred if the case was won on a preliminary issue or if the parties settled before trial. [Citation.] However, *procedural success during the course of the litigation is insufficient to justify such attorney fees where the ruling is later vacated or reversed on the merits*." (*Marine Forests Society v. California Coastal Com.* (2008) 160 Cal.App.4th 867, 877, italics added.)

Other opinions consistently state and apply this principle: "An order awarding [attorney] fees [under section 1021.5] 'falls with a reversal of the judgment on which it is based.'" (*California Grocers Assn. v. Bank of America* (1994) 22 Cal.App.4th 205, 220; see *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 613, fn. 4 ["even when there is no appeal of a postjudgment order awarding attorney fees to the prevailing party, and the award has become final, the appellate court's *reversal* of the judgment on the merits extinguishes the order on fees"]; *Klajic v. Castaic Lake Water Agency* (2004) 121 Cal.App.4th 5, 16 [reversal of judgment with directions to vacate writ of mandate means respondents were unsuccessful, and reversal of attorney fee award under section 1201.5 is "automatic"]; *Ryan v. California Interscholastic Federation-San Diego Section* (2001) 94 Cal.App.4th 1048, 1082 ["Because we reverse the judgment to the extent that Ryan prevailed, we must also reverse the postjudgment order that followed awarding attorney fees and costs to his counsel under section 1021.5"]; *National Parks & Conservation Assn. v. County of Riverside* (2000) 81 Cal.App.4th 234, 238 ["where an appellate court reverses a judgment ordering issuance of a writ of mandate, '[i]t follows' that the trial court's section 1021.5 attorney fees award must also be reversed"]; *Kimble v. Board of Education* (1987) 192 Cal.App.3d 1423, 1431, fn. omitted ["Under . . . section 1021.5, an award of attorney fees is limited to the successful party"].)

Gardena has not cited, and we have not found in our own research, any case that awards attorney fees to a party when the judgment in that party's favor was reversed in its entirety on appeal. This court's reversal of the judgment with directions to deny the

5

petition for writ of mandate and enter judgment for the Water Control Boards negated Gardena's initial success in the litigation.

## II.

### *GARDENA IS NOT ENTITLED TO RECOVER ATTORNEY FEES UNDER SECTION 1021.5 ON THE THEORY THAT IT ACHIEVED A SIGNIFICANT BENEFIT*

Gardena argues that, notwithstanding the reversal of the judgment and the writ of mandate, it is still the successful party within the meaning of section 1021.5 because it achieved a significant benefit as a result of the litigation. In its appellate briefing, Gardena does not use the term "catalyst theory," as does Duarte. At oral argument, appellate counsel confirmed Gardena was not relying on the catalyst theory.

In *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553 (*Graham*), the California Supreme Court held that a plaintiff may recover section 1021.5 attorney fees "even when litigation does not result in a judicial resolution if the defendant changes its behavior substantially because of, and in the manner sought by, the litigation." (*Graham, supra,* at p. 560.) To be entitled to such recovery (1) the plaintiff must have been a catalyst to the defendant's changed behavior, (2) the lawsuit must have "some merit," and (3) "the plaintiff must have engaged in a reasonable attempt to settle its dispute with the defendant prior to litigation." (*Id.* at pp. 560-561.)

A party need not obtain a final judgment in its favor in order to be the successful party. (*Graham, supra,* 34 Cal.4th at pp. 565-566.) No case cited by Gardena, however, would support an award of fees under section 1021.5 to Gardena or any of the Real Parties in Interest as a successful party in this case, where the judgment in Gardena's favor was reversed in its entirety.

Gardena contends that it remains a successful party despite the reversal of the judgment because it "obtain[ed] the enforcement of an important right affecting the public interest and conferred a significant benefit not only on the City's residents, but the residents of all California cities and counties which operate a municipal separate storm

6

water system subject to a NPDES permit issued by the Water Boards pursuant to their authority under both the federal Clean Water Act and California's Porter-Cologne Water Quality Control Act. As a result of this litigation, it is now established that the Water Boards must comply with State law, and in particular, Water Code § 13241 of the Porter-Cologne Act, when they impose conditions and requirements in a MS4 NPDES Permit that exceed the requirements of the federal Clean Water Act. Achieving that objective warrants the affirmance of the award to Gardena of its attorney's fees in this case for the very reasons stated in the trial court's order." Gardena is incorrect.

The issues in the prior appeal were whether the permit required more than federal law requires in terms of numeric effluent limitations and whether the Water Control Boards sufficiently considered the economic considerations factor of Water Code section 13241, subdivision (d). (*Duarte, supra,* 60 Cal.App.5th at p. 269; *City of Gardena v. State Water Resources Control Board, supra,* G058540.) Whether the Water Control Boards were required to comply with state law was not an issue in the case, as the Water Control Boards never contended that they were not required to do so. The issue was a factual one—whether the requirements of state law (in this case, the factors of Water Code section 13241) were applicable, and whether the Water Control Boards complied with them. We determined that the Water Control Boards had fully complied with Water Code section 13241, and that we did not need to weigh in on the factual issue of that section's applicability. (*Duarte, supra,* at pp. 271-272; *City of Gardena v. State Water Resources Control Board, supra,* G058540.)

In this case, Gardena's lawsuit did not cause the Water Control Boards to "change[ their] behavior substantially because of, and in the manner sought by, the litigation." (*Graham, supra,* 34 Cal.4th at p. 560.) To the contrary, this court determined *as a matter of law* that the Water Control Boards had already performed the required cost analysis under Water Code section 13241, subdivision (d). (*Duarte, supra,*

7

60 Cal.App.5th at p. 274; *City of Gardena v. State Water Resources Control Board, supra,* G058540.)

In none of the cases cited by Gardena in support of its significant benefit theory were section 1021.5 attorney fees awarded to a party after the judgment, initially in that party's favor, was reversed in its entirety.

In *Wal-Mart Real Estate Business Trust v. City Council of San Marcos* (2005) 132 Cal.App.4th 614, 618, San Marcos city residents Lori A. Drake and Randall R. Walton submitted a referendum petition challenging the city's general and specific plan amendments that would have permitted the development of a Wal-Mart store. Wal-Mart filed a petition for writ of mandate against the city, Drake, Walton, and others seeking to invalidate the referendum petition. (*Ibid.*) The trial court denied Wal-Mart's petition on the ground the challenge was premature and entered judgment against Wal-Mart. (*Id.* at p. 619.) The referendum succeeded, the city's plan amendments were defeated, and Wal-Mart brought no postelection challenge. (*Ibid.*) The court determined that Drake and Walton were entitled to recover their attorney fees under section 1021.5 even though the trial court did not enter a judgment addressing the substantive merits of Wal-Mart's petition. (*Wal-Mart Real Estate Business Trust v. City Council of San Marcos, supra*, at p. 617.)

In *People v. Investco Management & Development LLC* (2018) 22 Cal.App.5th 443, 448, individual investors specially appeared in a securities fraud enforcement action and successfully opposed a motion that would have stayed all individual actions against the investment company. The court concluded that the investors were entitled to recover section 1021.5 attorney fees. (*People v. Investco Management & Development LLC, supra*, at p. 471.)

In *RiverWatch v. County of San Diego Dept. of Environmental Health* (2009) 175 Cal.App.4th 768, 771, the plaintiffs sought a writ of mandate against the Department of Environmental Health in connection with the approval of a landfill.

8

The trial court granted the petition in part and denied it in part, and the appellate court affirmed. (*Ibid.*) The trial court awarded the plaintiffs attorney fees under section 1021.5; the appellate court also affirmed that award on appeal. (*RiverWatch v. County of San Diego Dept. of Environmental Health, supra*, at pp. 771-772.)

In *Wallace v. Consumers Cooperative of Berkeley, Inc.* (1985) 170 Cal.App.3d 836, 841, consumer interest groups challenged the validity of legislation authorizing the Department of Food and Agriculture (the Department) to set minimum retail milk prices. As a result of settlement negotiations, the parties agreed to continue the trial to allow the Department to conduct public hearings on the issue. (*Id.* at pp. 841-842.) Following the public hearings, the Department suspended the regulations setting milk price minimums. (*Id.* at p. 842.) The trial court then awarded the consumer interest groups attorney fees under section 1021.5 because they "'set in motion the machinery by which milk prices ultimately were suspended.'" (*Wallace v. Consumers Cooperative of Berkeley, Inc., supra,* at p. 842.)[2]

None of these cases involves a party awarded attorney fees before the judgment in its favor was reversed on appeal. In all of them, as detailed *ante*, the party recovering attorney fees under section 1021.5 achieved a successful resolution of their claims.

In light of our holding, we need not address the other issues raised in the parties' briefs, including but not limited to whether Gardena was acting primarily in its own financial interest, and whether Gardena obtained a financial benefit as a result of the litigation.

---

[2] Gardena also cites *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 153, in which the prevailing party did not seek attorney fees under section 1021.5.

DISPOSITION

The postjudgment order awarding attorney fees is reversed.  Appellants to recover costs on appeal.

FYBEL, J.

WE CONCUR:

O'LEARY, P. J.

ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.